# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47906-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JERRY LAWRENCE BODINE, | |
| Appellant. | |

MAXA, A.C.J. – Jerry Bodine was convicted of two counts of unlawful delivery of a controlled substance (heroin) and one count of unlawful delivery of a material in lieu of a controlled substance. He appeals bus stop sentencing enhancements relating to his two heroin delivery convictions. Bodine argues, and the State concedes, that the evidence was insufficient to prove that his unlawful deliveries occurred within 1,000 feet of a school bus route stop. We accept the State's concession.[1]

In a statement of additional grounds (SAG), Bodine asserts that he was denied effective assistance of counsel for various reasons. However, we cannot address Bodine's SAG assertions because they are based on matters outside the record.

Accordingly, we strike the bus route stop sentencing enhancements for both heroin delivery convictions and remand for resentencing.

---

[1] Bodine also challenges the trial court's decision to impose the sentencing enhancements consecutively and the trial court's failure to exercise its discretion to waive these enhancements when imposing an exceptional sentence downward. Because we strike the enhancements, we do not address these arguments.

FACTS

A confidential informant (CI) working with Longview police purchased small amounts of heroin from Bodine on April 8 and April 10, 2014. On June 25, 2014, the CI bought what she thought was heroin but testing later proved that it was not.

The State charged Bodine with two counts of unlawful delivery of a controlled substance and one count of unlawful delivery of a material in lieu of a controlled substance. The State also charged a school bus route stop sentencing enhancement on the two heroin delivery counts.

At trial in July 2015, the Longview School District transportation manager testified that there was a school bus route stop near the place where the deliveries occurred. In addition, the Longview geographic information systems coordinator testified that the alleged delivery addresses were within 1,000 feet of the school bus route stop. But neither witness testified that the school bus route stop existed at the time of the deliveries.

A jury convicted Bodine on all counts. It also returned special verdicts finding that the deliveries occurred within 1,000 feet of a school bus route stop. At sentencing, the trial court imposed a 50-month sentence and then added two consecutive 24-month sentence enhancements for the special verdicts.

Bodine appeals the imposition of the school bus route stop sentencing enhancements.

ANALYSIS

A.    SUFFICIENCY OF EVIDENCE

Bodine argues, and the State concedes, that the State failed to prove that the school bus route stop that formed the basis of his sentencing enhancements existed at the time he committed his offenses. We accept the State's concession and agree.

We review a jury's special verdict finding under the sufficiency of the evidence standard. *State v. Stubbs*, 170 Wn.2d 117, 123, 240 P.3d 143 (2010). The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014).

RCW 69.50.435(1)(c) states that a defendant is subject to a school bus route stop sentencing enhancement if he or she violates RCW 69.50.401 by delivering a controlled substance "[w]ithin one thousand feet of a school bus route stop designated by the school district." Under this statute, the school bus route stop necessarily must have existed at the time of the delivery. But neither of the two witnesses who testified about the bus stop stated that it existed in April or June 2014. Therefore, we hold that the evidence was insufficient to support the school bus route stop sentencing enhancements.

B.    INEFFECTIVE ASSISTANCE OF COUNSEL

Bodine challenges his unlawful delivery convictions in his SAG, asserting that he received ineffective assistance of counsel. He claims that defense counsel did not have time to properly prepare for trial, there was a complete breakdown in attorney-client communications, defense counsel's pretrial discovery was wholly inadequate, and the CI was under the influence of controlled substances when she testified at trial.

But Bodine's assertions rely entirely on matters outside the record. As a result, we cannot consider them in this direct appeal. *State v. Alvarado,* 164 Wn.2d 556, 569, 192 P.3d 345 (2008). These assertions are more properly raised in a personal restraint petition. *Id.; see also*

No. 47906-1-II

*State v. McFarland*, 127 Wn.2d 322, 338 n.5, 899 P.2d 1251 (1995) (personal restraint petition is appropriate means of having the reviewing court consider matters outside the record on appeal).

CONCLUSION

We strike the bus route stop sentencing enhancements for both heroin delivery convictions and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, A.C.J.


We concur:

_____
WORSWICK, J.

_____
MELNICK, J.