# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| In the Matter of the Detention of: | No.  50856-7-II |
| S.B., | |
| Petitioner. | PUBLISHED OPINION |

LEE, A.C.J. — S.B. appeals the superior court's order granting the State's petition for 180-day involuntary commitment.  S.B. argues that the trial court erred by not considering her voluntary treatment status when it entered the 180-day commitment order.  Because the statute authorizing 180-day commitment, RCW 71.05.280,[1] does not require the superior court to consider voluntary treatment status when determining continued commitment, the superior court did not err. Accordingly, we affirm.

## FACTS

Following S.B.'s initial involuntary commitment to mental health treatment under RCW 71.05.230, the superior court held a hearing to determine whether to order a further 180-day involuntary commitment for S.B. under RCW 71.05.280.  At the hearing, S.B. informed the trial court that she wanted to introduce evidence of her voluntary treatment status.  The State argued that voluntary treatment status was not an issue for the purpose of extending involuntary

---

[1] Because the order was entered in August 2017, former RCW 71.05.280 (2016) was effective at the time.  However, the subsequent changes to the statute do not have any substantive effect on the issue before us.  Therefore, we use the current version of the statute.

commitment under RCW 71.05.280. The superior court agreed with the State and did not consider S.B.'s asserted voluntary treatment status.

The superior court found that S.B. was gravely disabled. Because S.B. was gravely disabled, the superior court ordered an additional 180-day commitment for S.B under RCW 71.05.280(4). S.B. appeals.

ANALYSIS

S.B. argues that the superior court was required to consider her voluntary treatment status at the 180-day commitment hearing.[2] We disagree because the relevant statute, RCW 71.05.280, does not require consideration of voluntary treatment status.

Statutory interpretation is a question of law we review de novo. *State v. Derenoff*, 182 Wn. App. 458, 463, 332 P.3d 1001 (2014). The primary objective in statutory interpretation is to give effect to the legislature's intent. *Id.* We begin with the plain language of the statute. *Id.* "Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent." *State v. Alvarado*, 164 Wn.2d 556, 562, 192 P.3d 345 (2008).

RCW 71.05.280 states,

> At the expiration of the fourteen-day period of intensive treatment, a person may be committed for further treatment pursuant to RCW 71.05.320 if:
>
> (1) Such person after having been taken into custody for evaluation and treatment has threatened, attempted, or inflicted: (a) Physical harm upon the person of another or himself or herself, or substantial damage upon the property of another, and (b) as a result of mental disorder or substance use disorder presents a likelihood of serious harm; or

---

[2] The superior court's 180-day commitment order has expired. However, our review of this expired commitment order is not moot because commitment orders have continuing effect as they are considered at future commitment hearings. *In re Det. of M.K.*, 168 Wn. App. 621, 625-26, 629-30, 279 P.3d 897 (2012). Accordingly, we consider S.B.'s appeal.

(2) Such person was taken into custody as a result of conduct in which he or she attempted or inflicted physical harm upon the person of another or himself or herself, or substantial damage upon the property of others, and continues to present, as a result of mental disorder or substance use disorder, a likelihood of serious harm; or

(3) Such person has been determined to be incompetent and criminal charges have been dismissed pursuant to RCW 10.77.086(4), and has committed acts constituting a felony, and as a result of a mental disorder, presents a substantial likelihood of repeating similar acts.

(a) In any proceeding pursuant to this subsection it shall not be necessary to show intent, willfulness, or state of mind as an element of the crime;

(b) For any person subject to commitment under this subsection where the charge underlying the finding of incompetence is for a felony classified as violent under RCW 9.94A.030, the court shall determine whether the acts the person committed constitute a violent offense under RCW 9.94A.030; or

(4) Such person is gravely disabled; or

(5) Such person is in need of assisted outpatient behavioral health treatment.

The plain language of the statute is clear and unambiguous. The only requirement to order further treatment is the superior court's finding that the person subject to commitment meets one of the five enumerated requirements—one of which is that the person is gravely disabled. RCW 71.05.280(4). In contrast, the legislature specifically requires a finding that the person has not in good faith volunteered for treatment before ordering *initial* involuntary commitment. RCW 71.05.230(2). Under the statutory construction rule of expressio unius est exclusio alterius, we consider the legislature's decision to omit the good faith volunteer requirement from RCW 71.05.280 to be intentional. *See State v. Bacon*, 190 Wn.2d 458, 466-67, 415 P.3d 207 (2018). The plain language of the statute makes it clear that the legislature did not intend for the superior

No. 50856-7-II

court to consider voluntary treatment status as a requirement for ordering additional involuntary commitment.

Here, the superior court complied with the plain language of RCW 71.05.280 when it found that S.B. was gravely disabled and ordered an additional 180-day commitment. S.B. does not challenge the superior court's finding that she was gravely disabled. Therefore, the superior court complied with the plain language of RCW 71.05.280. The superior court was not required to consider S.B.'s voluntary treatment status when making a determination regarding commitment for further treatment under RCW 71.05.280. Accordingly, we affirm.

Lee, A.C.J.

We concur:

Worswick, J.

Sutton, J.