# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53279-4-II |
| Respondent, | |
| v. | |
| AMANDA JO HANOWELL, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Amanda Hanowell pleaded guilty to one count of second degree taking a motor vehicle without permission. At sentencing, the trial court imposed an exceptional sentence, a criminal filing fee, and a DNA (deoxyribonucleic acid) collection fee. Hanowell appeals her sentence. She argues that there was no statutory or constitutional authority for the trial court to impose an exceptional sentence and that the trial court improperly imposed the criminal filing fee and the DNA collection fee. The State concedes both issues.

We hold that the trial court improperly imposed an exceptional sentence, the criminal filing fee, and the DNA collection fee. Accordingly, we reverse Hanowell's sentence and remand to the trial court to resentence Hanowell within the standard range and to reconsider the criminal filing fee and the DNA collection fee.

## FACTS

Amanda Hanowell pleaded guilty to one count of second degree taking a motor vehicle without permission. Before sentencing, the State submitted a statement of Hanowell's criminal history which included multiple felonies and listed her offender score as 37. Hanowell stipulated

that the State properly calculated her offender score. A standard range sentence for one count of second degree taking a motor vehicle without permission was between 22 and 29 months.

At sentencing, the trial court told Hanowell, "You understand that offender score all by itself is a basis for me to sentence you in excess of the standard sentence range, up to the statutory maximum of five years?" Report of Proceedings (April 9, 2019) at 19. Both the State and Hanowell asked the trial court to impose a sentence of 29 months, a sentence within the standard range. Instead, the trial court imposed an exceptional sentence of 42 months based on Hanowell's criminal history and high offender score. When asked which prong of RCW 9.94A.535 the trial court was relying in its imposition of Hanowell's sentence, it stated, "The uncounted criminal history given the offender score." RP (April 9, 2019) at 21. The trial court's written conclusion of law stated, "[T]he Defendant's High offender score provides a Lawful basis for an exceptional Sentence and makes clear a sentence [within] the standard range is insufficient to deter future conduct." Clerk's Papers at 36.

The trial court found Hanowell indigent, but imposed discretionary legal financial obligations (LFOs). The LFOs imposed included a $200 criminal filing fee and a $100 DNA collection fee.

Hanowell appeals her sentence.

## ANALYSIS

### I. EXCEPTIONAL SENTENCE

Hanowell argues that the trial court erred by imposing an exceptional sentence because the trial court lacked constitutional and statutory authority. The State concedes that Hanowell should be resentenced because the trial court had no lawful basis to impose an exceptional sentence. We agree.

A sentence above the standard range may be imposed if an aggravating factor is present to justify its imposition. RCW 9.94A.535. The trial court has discretion to impose an exceptional sentence above the standard range if the aggravating factor present in a defendant's case is one that is enumerated in RCW 9.94A.535(2). In the alternative, a jury must determine whether the aggravating factor is sufficient to impose an exceptional sentence above the standard range in accordance with RCW 9.94A.535(3).

Specifically, RCW 9.94A.535(2), provides that the trial court may impose an exceptional sentence above the standard range that is based on a defendant's prior criminal history only if (1) the defendant has committed multiple offenses and the defendant's offender score does not account for all of the offenses committed; or (2) the defendant's prior criminal history was omitted from the defendant's offender score calculation, resulting in a sentence that is too lenient. RCW 9.94A.535(2)(c)-(d). To reverse an exceptional sentence, this court must find (1) under a clearly erroneous standard, that the reasons given by the trial court are not supported by the record; (2) under a de novo standard, that the reasons supplied by the trial court do not justify an exceptional sentence; or (3) under an abuse of discretion standard, that the sentence is excessive or too lenient. *State v. Alvarado*, 164 Wn.2d 556, 560-61, 192 P.3d 345 (2008). Because, Hanowell argues that the trial court lacked the authority to impose her exceptional sentence, the second standard applies, and we review this issue de novo. *Alvarado*, 164 Wn.2d at 560-61.

Here, the trial court erred by imposing an exceptional sentence above the standard range because the trial court lacked statutory authority to do so. The reason supplied by the trial court to justify the aggravating factor was Hanowell's extensive criminal history resulting in her offender score of 37. However, a defendant's criminal history does not justify an exceptional

3

sentence above the standard range unless (1) the defendant has committed multiple current offenses and all of the offenses are not adequately accounted for in the defendant's offender score; or (2) the defendant's prior criminal history was eliminated from the calculation of the defendant's offender score and, as a result, the defendant received a sentence that was too lenient. RCW 9.94A.535(2)(c)-(d). Neither circumstance exists here. Hanowell pleaded guilty to only one offense, and her previous offenses were used in calculating her offender score of 37. Therefore, we accept the State's concession and hold that the reason supplied by the trial court does not justify an exceptional sentence. Thus, the trial court lacked the authority to impose an exceptional sentence.[1]

## II. LFOs

Hanowell argues that the criminal filing fee and the DNA collection fee should be stricken from the judgment and sentence because the LFO statutes do not authorize the imposition of discretionary LFOs on indigent defendants. The State concedes that the criminal filing fee and the DNA collection fee should be stricken from the judgment and sentence because Hanowell was found indigent at sentencing.

Courts cannot impose a criminal filing fee on indigent defendants. RCW 36.18.020(2). Courts also cannot impose a DNA collection fee if the State has already collected DNA from the defendant in a previous case. *See* RCW 43.43.754(1)(a).

Here, it is uncontested that Hanowell was indigent, but the trial court nevertheless imposed a $200 criminal filing fee. Further, Hanowell's criminal history shows she has committed multiple felonies. The State concedes that Hanowell's DNA has already been

---

[1] Because we decide this issue on statutory grounds, we decline to reach Hanowell's constitutional argument. *State v. Gregory*, 192 Wn.2d 1, 14, 427 P.3d 621 (2018).

collected. We accept the concession of the State and remand to the trial court to reconsider removing the criminal filing fee and the DNA collection fee from the judgment and sentence when it resentences Hanowell.

Accordingly, we reverse Hanowell's sentence and remand to the trial court to resentence Hanowell within the standard range and to reconsider the criminal filing fee and the DNA collection fee.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Maxa, C.J.

Cruser, J.