192 P.3d 345 (2008)
STATE of Washington, Respondent,
v.
Alexander Hill ALVARADO, Appellant.
No. 81069-9.
Supreme Court of Washington, En Banc.
Argued May 20, 2008.
Decided September 18, 2008.
*346 Casey Grannis, Nielsen Broman & Koch, PLLC, Seattle, WA, for Appellant.
Hilary A. Thomas, Whatcom County Prosecutor's Office, Bellingham, WA, for Respondent.
STEPHENS, J.
¶ 1 Alexander Alvarado seeks reversal of his exceptional sentence for residential burglary. Alvarado was convicted at trial of multiple crimes and had a high criminal offender score. Concluding that some of his current offenses would otherwise go unpunished within the meaning of RCW 9.94A.535(2)(c), the trial court imposed an exceptional sentence of 120 months for count I residential burglary to run concurrently with the standard range sentences on the remaining counts. We hold that the trial court properly applied RCW 9.94A.535(2)(c) in concluding that some of Alvarado's offenses would go unpunished absent the exceptional sentence and that application of the statute in this case did not violate Alvarado's Sixth Amendment right to a jury trial under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Accordingly, we affirm.

FACTS
¶ 2 In 2006, Alvarado was charged with six felonies and two gross misdemeanors. Alvarado's charged felonies included two counts of residential burglary (counts I and V), one *347 count of first degree theft (count II), two counts of first degree possession of stolen property (counts III and IV), and one count of second degree possession of stolen property (count VI). Alvarado's charged misdemeanors included unlawful possession of marijuana and unlawful possession of a dangerous weapon. In December 2006, at trial, the jury found him guilty as charged.
¶ 3 Prior to sentencing, the State filed a memorandum and notice of intent to seek an exceptional sentence against Alvarado. During sentencing, the deputy prosecutor determined that Alvarado's offender score was 21 based upon his current crimes and prior lengthy criminal history. The trial court imposed standard range sentences on counts II (57 months), III (57 months), IV (57 months), V (84 months), VI (29 months), VII (90 days), and VIII (365 days). Relying on RCW 9.94A.535(2)(c), the trial court imposed an exceptional sentence on count I (residential burglary) of 120 months' imprisonment and held that the exceptional sentence was to run concurrently with the other counts.[1]
¶ 4 The trial court remarked that an exceptional sentence was appropriate because Alvarado had committed multiple current offenses and his offender score was the highest that the trial judge had seen in 14 years. Sentencing Alvarado within the standard range, the trial court concluded, would have resulted in five current offenses going unpunished.
¶ 5 Alvarado appealed the exceptional sentence to Division One of the Court of Appeals. On January 11, 2008, the Court of Appeals transferred the appeal to this court under RAP 4.4 to promote the orderly administration of justice.

ANALYSIS
¶ 6 An appellate court analyzes the appropriateness of an exceptional sentence by asking: (1) Are the reasons given by the sentencing judge supported by the record under the clearly erroneous standard? (2) Do the reasons justify a departure from the standard range under the de novo review standard? and (3) Is the sentence clearly too excessive or too lenient under the abuse of discretion standard? State v. Law, 154 Wash.2d 85, 93, 110 P.3d 717 (2005) (quoting State v. Ha'mim, 132 Wash.2d 834, 840, 940 P.2d 633 (1997)); RCW 9.94A.585(4).
¶ 7 RCW 9.94A.535 states in relevant part:
The court may impose a sentence outside the standard sentence range for an offense if it finds, considering the purpose of this chapter, that there are substantial and compelling reasons justifying an exceptional sentence. Facts supporting aggravated sentences, other than the fact of a prior conviction, shall be determined pursuant to the provisions of RCW 9.94A.537.
RCW 9.94A.535(2)(c) states when an exceptional sentence may be imposed by a court without findings of fact by a jury:
The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
....
(c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.
A defendant's standard range sentence reaches its maximum limit at an offender score of nine. RCW 9.94A.510.
¶ 8 Alvarado contends that the trial court erroneously misinterpreted the meaning of the word "unpunished" under RCW 9.94A.535(2)(c) because State v. Womac, 160 Wash.2d 643, 657-58, 160 P.3d 40 (2007), held that punishment is merely the fact of conviction. Thus, because Alvarado was punished by the fact of his convictions on counts II-VIII, he contends the trial court erroneously imposed an exceptional sentence under RCW 9.94A.535(2)(c). We reject this argument.
¶ 9 We review issues of statutory interpretation de novo. Tingey v. Haisch, 159 Wash.2d 652, 657, 152 P.3d 1020 (2007). Our purpose when interpreting a statute is to determine and enforce the intent of the legislature. City of Spokane v. Spokane County, 158 Wash.2d 661, 673, 146 P.3d 893 (2006). Where the meaning of statutory language is *348 plain on its face, we must give effect to that plain meaning as an expression of legislative intent. Id.; see also Koenig v. City of Des Moines, 158 Wash.2d 173, 181, 142 P.3d 162 (2006) (holding that plain language does not require construction). In discerning the plain meaning of a provision, we consider the entire statute in which the provision is found, as well as related statutes or other provisions in the same act that disclose legislative intent. City of Spokane, 158 Wash.2d at 673, 146 P.3d 893; see also Skamania County v. Columbia River Gorge Comm'n, 144 Wash.2d 30, 45, 26 P.3d 241 (2001). Commonsense informs our analysis, as we avoid absurd results in statutory interpretation. Tingey, 159 Wash.2d at 664, 152 P.3d 1020. When a term has a well-accepted, ordinary meaning, we may consult a dictionary to ascertain the term's meaning. Id. at 658, 152 P.3d 1020.
¶ 10 First, Alvarado's reliance on Womac is misplaced. Womac is a double jeopardy case and does not involve an analysis of exceptional sentences. 160 Wash.2d at 650, 160 P.3d 40. Its analysis of the concept of punishment is not controlling in this context.
¶ 11 For present purpose, punishment relates to the sentence imposed. "Punishment" is defined in Black's Law Dictionary as, "Any fine, penalty, or confinement inflicted upon a person by the authority of the law and the judgment and sentence of a court, for some crime or offense committed by him, or for his omission of a duty enjoined by law." Black's Law Dictionary 1110 (5th ed.1979). The punishment contemplated by the exceptional sentence statutes is "expressed in terms of total confinement time," not merely the fact of conviction itself. RCW 9.94A.530(1). We decline to accept Alvarado's interpretation of punishment for sentencing purposes because this would create an absurd resultno court could find any punishment insufficient in order to impose an exceptional sentence under RCW 9.94A.535(2)(c). See Tingey, 159 Wash.2d at 664, 152 P.3d 1020.
¶ 12 Here, Alvarado due to his current offenses and past criminal history had a calculated offender score of 21. Clerk's Papers (CP) at 103-19; Report of Proceedings (RP) (Feb. 7, 2007) at 6, 2/7/07. If a standard range sentence had been imposed, he would have received no punishment through confinement on felony counts II-VI as multiple current offenses because these offenses did not increase the standard sentence range he already faced on count I. CP at 16; RP at 35-36. Thus, we hold that the record supports the trial court's conclusion that, given his high offender score, some of Alvarado's current offenses would have gone unpunished if a standard range sentence had been imposed. The trial court properly imposed an exceptional sentence on count I under RCW 9.94A.535(2)(c).
¶ 13 Alvarado also argues that his exceptional sentence was imposed in violation of his Sixth Amendment right to a jury trial. This is a question of law that an appellate court reviews de novo. State v. Saltz, 137 Wash.App. 576, 580, 154 P.3d 282 (2007). The United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that other than the fact of a prior conviction, the Sixth Amendment requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. The United States Supreme Court in Blakely held that the statutory maximum under Apprendi is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303, 124 S.Ct. 2531.
¶ 14 Former RCW 9.94A.535(2)(i) (2003) states as an aggravating factor allowing a judge to impose an exceptional sentence without findings of fact by a jury: "The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010." Former RCW 9.94A.535(2)(i). This court has held that former RCW 9.94A.535(2)(i)'s "clearly too lenient" language fails the Blakely standard. State v. Hughes, 154 Wash.2d 118, 137-40, 110 P.3d 192 (2005) (abrogated on other grounds regarding harmless error by Washington v. Recuenco, 548 U.S. 212, 126 S.Ct. 2546, 165 L.Ed.2d 466 (2006)). The "clearly *349 too lenient" determination is based upon factual conclusions that must be made by a jury to meet Sixth Amendment muster, such as: (1) the effect of a defendant's multiple offenses, (2) the level of a defendant's culpability resulting from the multiple offenses, or (3) whether the defendant would receive "free crimes" because the standard sentencing range would not change once the defendant reached a certain offender score. Id.; see also State v. Ose, 156 Wash.2d 140, 149, 124 P.3d 635 (2005) (holding that exceptional sentence based on findings of impact, harm of crimes, and "free crimes" determination made by the trial court without a jury violated the defendant's Sixth Amendment right to a jury).
¶ 15 This court in Hughes noted, "The conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that cannot be made by the trial court following Blakely." 154 Wash.2d at 140, 110 P.3d 192 (emphasis added).[2]
¶ 16 In 2005, before Hughes was decided, the legislature amended chapter 9.94A RCW to comply with Blakely. Laws of 2005, ch. 68, § 1. RCW 9.94A.535(2)(b)(c) identifies when an exceptional sentence may be imposed by a court without requiring findings of fact by a jury:
The trial court may impose an aggravated exceptional sentence without a finding of fact by a jury under the following circumstances:
....
(b) The defendant's prior unscored misdemeanor or prior unscored foreign criminal history results in a presumptive sentence that is clearly too lenient in light of the purpose of this chapter, as expressed in RCW 9.94A.010.
(c) The defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished.

(Emphasis added.) Division Three and Division One of the Court of Appeals have recently addressed whether the 2005 amendments in RCW 9.94A.535(2) meet the Blakely requirements. Saltz, 137 Wash.App. at 582-84, 154 P.3d 282; State v. Newlun, 142 Wash. App. 730, 737, 176 P.3d 529 (2008). Division Three in Saltz held that RCW 9.94A.535(2)(b) is unconstitutional under the Sixth Amendment because while the fact of a misdemeanor history is an objective determination, the "clearly too lenient" language calls for a subjective determination because of the serious harm or culpability given the number or nature of unscored misdemeanors, which would not be accounted for in calculating the sentencing range. Saltz, 137 Wash.App. at 582, 154 P.3d 282.
¶ 17 In 2006, this court in In re Personal Restraint of VanDelft, 158 Wash.2d 731, 733-34, 147 P.3d 573 (2006), held that an exceptional sentence imposed under former RCW 9.94A.535(2)(i)'s "clearly too lenient" language violated a defendant's Sixth Amendment jury trial right. This is consistent with Hughes.
¶ 18 Division One in Newlun held that RCW 9.94A.535(2)(c) does not violate the Sixth Amendment because the determination of whether an offense goes unpunished under RCW 9.94A.535(2)(c) requires simply objective mathematical application of RCW 9.94A.510's sentencing grid to the current offenses, rather than the subjective application of factors under the former "clearly too lenient" language. Newlun, 142 Wash.App. at 742-43, 176 P.3d 529. The Newlun court described the objective application of RCW 9.94A.535(2)(c):
If the number of current offenses, when applied to the sentencing grid, results in the legal conclusion that the defendant's presumptive sentence is identical to that which would be imposed if the defendant had committed fewer current offenses, then an exceptional sentence may be imposed.
*350 Id. at 743, 176 P.3d 529. Thus, Division One held that in order to impose an exceptional sentence under RCW 9.94A.535(2)(c), the sentencing court does not need to look beyond "`"facts reflected in the jury verdict or admitted by the defendant."'" Id. (quoting VanDelft, 158 Wash.2d at 740, 147 P.3d 573 (quoting Blakely, 542 U.S. at 303, 124 S.Ct. 2531)).
¶ 19 Division One in Newlun distinguished Hughes, VanDelft, and Saltz by noting that those cases dealt with former RCW 9.94A.535(2)(i) and the 2005 amended version of RCW 9.94A.535(2)(b), which contained the "clearly too lenient" language derived from prior "free crimes" fact finding. Newlun, 142 Wash.App. at 742-44, 176 P.3d 529. In contrast, the 2005 amended version of RCW 9.94A.535(2)(c)'s "current offenses going unpunished" language does not allow the trial court to engage in fact finding. Id.
¶ 20 Alvarado contends that Newlun is wrong because the "current offenses going unpunished" language in RCW 9.94A.535(2)(c) is no different from the "clearly too lenient" language held unconstitutional in Hughes, Ose, VanDelft, and Saltz. The State counters that RCW 9.94A.535(2)(c) does not contain the same "clearly too lenient" language from former RCW 9.94A.535(2)(i) and the 2005 amended version of RCW 9.94A.535(2)(b), and this does not implicate the constitutional concerns under the Sixth Amendment and Blakely at issue in Hughes, Ose, and Saltz. See Hughes, 154 Wash.2d at 136-37, 110 P.3d 192; Ose, 156 Wash.2d at 149, 124 P.3d 635; Saltz, 137 Wash.App. at 581-85, 154 P.3d 282.
¶ 21 We agree that there is a difference between the "clearly too lenient" language in current RCW 9.94A.535(2)(b) and former "free crimes" provisions and the mathematical calculation that allows an exceptional sentence under RCW 9.94A.535(2)(c). The analysis in Newlun is persuasive, insofar as it recognizes that the only factors the trial court relies upon in imposing an exceptional sentence under RCW 9.94A.535(2)(c) are based on criminal history and the jury's verdict on the current convictions. Newlun, 142 Wash.App. at 742-43, 176 P.3d 529. Both fall under the Blakely prior convictions exception, as no judicial fact finding is involved. Id. Indeed, current offenses are treated as prior convictions for purposes of computing the offender score in relation to imposing an exceptional sentence. RCW 9.94A.589(1)(a).
¶ 22 Under RCW 9.94A.535(2)(c) the legislature provided that where current offenses go unpunished based on criminal history and current offenses, this is an aggravating circumstance per se. This provision was designed to codify the "free crimes" factor as an automatic aggravator without the need for additional fact finding as to whether the existence of "free crimes" results in a "clearly too lenient" sentence.
¶ 23 The new statute accords with Blakely, which recognized that the determination of whether particular circumstances (once established) warrant an exceptional sentence remains a legal judgment for the court. Blakely, 542 U.S. at 305 n. 8, 124 S.Ct. 2531; see also Hughes, 154 Wash.2d at 137, 110 P.3d 192. It also walks the line drawn in Hughes. Consistent with Blakely, this court in Hughes recognized that a sentencing judge has the authority to rely on a "free crimes" factor to impose an exceptional sentence. Hughes, 154 Wash.2d at 139, 110 P.3d 192. However, it held that reliance on this factor under former RCW 9.94A.535(2)(i) required a jury determination because it was incident to a factual finding that a sentence was "clearly too lenient." Id. at 138-40, 110 P.3d 192. The court emphasized that former RCW 9.94A.535(2)(i) did not allow an exceptional sentence based solely on the defendant's prior criminal history and current offenses but required additional fact finding. Id. at 139-40, 110 P.3d 192; Ose, 156 Wash.2d at 149, 124 P.3d 635.
¶ 24 A key passage in Hughes highlights the difference between the two statutes, former RCW 9.94A.535(2)(i) and the current RCW 9.94A.535(2)(c). This court criticized the Court of Appeals in State v. Van Buren, 123 Wash.App. 634, 98 P.3d 1235 (2004), for misapprehending its holding in State v. Smith, 123 Wash.2d 51, 864 P.2d 1371 (1993), which it overruled:
Instead of holding that the inquiry into whether there are substantial and compelling reasons justifying an exceptional sentence *351 was automatically satisfied by finding a free crime, as Van Buren reasons, Smith actually held that the inquiry into whether under former RCW 9.94A.390(2)(f) (1993) [codified as RCW 9.94A.535(2)(i) at the time of Hughes] there is "`some extraordinarily serious harm or culpability resulting from multiple offenses which would not otherwise be accounted for in determining the presumptive sentencing range,'" was automatically satisfied. Smith, 123 Wash.2d at 55-56, 864 P.2d 1371 (emphasis added) (quoting [State v.] Fisher, 108 Wash.2d [419, 428, 739 P.2d 683 (1987)]). The inquiry that the Van Buren court referred to, whether there were substantial and compelling reasons for an exceptional sentence, is a legal conclusion that the trial court is still allowed to make following Blakely. But the inquiry actually analyzed in Smith was the same that was defined by this court in Batista to require two factual findings. The conclusion that allowing a current offense to go unpunished is clearly too lenient is a factual determination that cannot be made by the trial court following Blakely. We overrule Smith to the extent that it allows the too lenient conclusion to be made by judges and vacate Selvidge's exceptional sentence.
Hughes, 154 Wash.2d at 140, 110 P.3d 192. The court's analysis suggests that, had Smith held what Van Buren thought it did, there would have been no Blakely violation. Specifically, Blakely does not require fact finding by a jury when a sentencing provision allows an exceptional sentence to flow automatically from the existence of free crimes. This is what RCW 9.94A.535(2)(c) does.
¶ 25 Recognizing the "automatic" effect of RCW 9.94A.535(2)(c) helps maintain the division of responsibility between jury as fact finder and judge as sentencing authority.[3]Blakely underscores the role of the judge in determining whether particular circumstances constitute substantial and compelling grounds to impose an exceptional sentence. Blakely, 542 U.S. at 305 n. 8, 124 S.Ct. 2531. The determination under RCW 9.94A.535(2)(c) that "some of the current offenses [go] unpunished" rests solely on criminal history and calculation of the offender score, without the need for additional fact finding by the jury. We affirm and hold that Alvarado's exceptional sentence imposed on count I under RCW 9.94A.535(2)(c) did not violate his Sixth Amendment right to a jury trial as defined in Blakely.

STATEMENT OF ADDITIONAL GROUNDS
¶ 26 In a statement of additional grounds, Alvarado raises several issues, including sufficiency of the evidence and ineffective assistance of counsel. Because these arguments are not supported by credible evidence in the record, we cannot review them. See RAP 10.10(c) (an appellate court will not consider an argument made in a statement of additional grounds for review if it does not inform the court of the nature and occurrence of the alleged errors). If material facts exist that have not been previously presented and heard, and require vacation of the conviction, then Alvarado's recourse is to bring a properly supported personal restraint petition. See RAP 16.4.

CONCLUSION
¶ 27 We affirm the trial court's exceptional sentence imposed on Alvarado under RCW 9.94A.535(2)(c). The trial court properly applied the statute in imposing an exceptional sentence for count I, and this application does not offend Alvarado's Sixth Amendment right to a jury trial.
WE CONCUR: GERRY L. ALEXANDER, C.J., CHARLES W. JOHNSON, BARBARA A. MADSEN, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON, JJ.
NOTES
[1] The standard sentence range for residential burglary is 63-84 months' imprisonment.
[2] The Hughes holding effectively overruled prior cases holding that the "clearly too lenient" language and the "free crimes" factor were constitutionally valid under the Sixth Amendment for exceptional sentences, including, State v. Smith, 123 Wash.2d 51, 55-56, 864 P.2d 1371 (1993); State v. Stephens, 116 Wash.2d 238, 243-45, 803 P.2d 319 (1991); and State v. Van Buren, 123 Wash.App. 634, 651-54, 98 P.3d 1235 (2004).
[3] Obviously, an "automatic" aggravator based on something other than criminal history and current offenses would present a different issue, implicating due process concerns and the need for a jury to find all sentencing facts other than those based on criminal history. See McMillan v. Pennsylvania, 477 U.S. 79, 91-93, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986).