IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34719-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DENNIS NEAL GASTON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Dennis Gaston appeals the imposition of two community custody conditions, sustained as a result of his conviction for second degree child molestation. He has also submitted a statement of additional grounds for review, challenging his conviction. Finding merit to Mr. Gaston's appeal, but not his statement of additional grounds, we remand this matter so the contested community custody conditions can be stricken or modified. The conviction is affirmed.

FACTS

After his second degree child molestation conviction was reversed and remanded by this court in 2016, Mr. Gaston was re-tried to the bench and his conviction was

reimposed. At sentencing, Mr. Gaston received a term of 18 months in prison and 36 months' community custody.

Two of Mr. Gaston's community custody conditions are pertinent to this appeal: "14. Do not purchase, possess or view any pornographic material. . . . 20. No frequent [sic] playgrounds, parks, schools, or any locations where children are known to congregate." Clerk's Papers at 110.

## ANALYSIS

### Community custody condition 14

Mr. Gaston argues and the state concedes that the pornography condition is not crime related. We accept the state's concession. Condition 14 shall be stricken.

### Community custody condition 20

Mr. Gaston argues community custody condition 20 is unconstitutionally vague because it fails to provide fair notice of prohibited conduct and exposes him to arbitrary enforcement. Due process prohibits the imposition of vague community custody conditions. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). A community custody condition is not vague so long as it: (1) provides ordinary people with fair warning of the proscribed conduct, and (2) has standards that are definite enough to protect against arbitrary enforcement. *Id.* at 652-53.

2

No. 34719-2-III
*State v. Gaston*

As explained in our recent decision in *State v. Velazquez*,[1] condition 20 is not unconstitutionally vague. Unlike the condition deemed problematic in *State v. Irwin*, Mr. Gaston's condition provides fair warning of proscribed conduct because the illustrative list of playgrounds, parks, and schools demonstrates what the court meant by "locations where 'children are known to congregate.'" *See Irwin*, 191 Wn. App. at 655 (an otherwise vague term can be made definite by an illustrative list). In addition, condition 20 is not vulnerable to arbitrary enforcement because Mr. Gaston's community corrections officer is not empowered to define whether or not a given location meets the terms of the court's order. *Id.*

Although not unconstitutionally vague, the State recognizes that condition 20 could be more precise. The term "children" is somewhat indefinite. It could refer to an individual under 16 years of age, or one under 18. However, in the context of child rape and child molestation, our laws are concerned with children under 16, not those under 18. RCW 9A.44.073-.089. Given this circumstance, the trial court's order restricting Mr. Gaston's access to areas where children congregate should be interpreted as applying only to locations specific to children under 16. This limitation provides better notice to

---

[1] *State v. Velazquez*, No. 34713-3-III (Wash. Ct. App. Oct. 17, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/347133_unp.pdf

3

Mr. Gaston and ensures he will not be prohibited from frequenting locations such as work settings or colleges where older children may congregate.

In sum, because this matter is subject to remand to strike condition 14 and because the term "children" lacks some precision, we also remand so that the trial court may modify condition 20 to prohibit Mr. Gaston from frequenting playgrounds, parks, schools, or any locations where children *under 16* are known to congregate. This remedy is consistent with our decision in *Velazquez*, supra.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

In his statement of additional grounds for review (SAG), Mr. Gaston argues: (1) the trial judge was biased since he presided over both of Mr. Gaston's trials, (2) the court commissioner was biased because he is related to the child molestation victim, (3) there was ineffective assistance because defense counsel failed to follow Mr. Gaston's request to change venue or judges, or object to the term "urges" being used out of context or suggestively, (4) the trial judge and prosecutor were afraid of Mr. Gaston suing the county or State due to the first trial, (5) defense counsel, the prosecutor Mr. Gaston originally hired to be his defense counsel,[2] and the prosecutor from the second trial had a

---

[2] Mr. Gaston initially retained David Quesnel as his defense attorney, prior to Mr. Quesnel becoming a prosecutor. Christopher Lanz ended up stepping in and defended Mr. Gaston through trial.

4

plan to convict Mr. Gaston because the day before trial Mr. Gaston called defense counsel's office and was told defense counsel, both prosecutors, and the trial judge had a conference call without Mr. Gaston present to decide how the trial would proceed, and (6) violations of attorney-client privilege and prosecutorial misconduct because Mr. Gaston hired an attorney who then arranged for Mr. Gaston's defense counsel to step in for him since he ran for prosecutor.

To prevail on an ineffective assistance of counsel claim, Mr. Gaston must establish both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). Mr. Gaston's arguments do not meet this standard. The use of the term "urges" was approved by the court under ER 404(b) through an in limine pretrial ruling. Given this circumstance, any objections during trial would have been futile. Trial counsel's conduct was not deficient in this regard.

As to the change of venue and judge request, along with the rest of Mr. Gaston's contentions in his SAG, these arguments relate to facts and materials that exist outside the record. The proper avenue for bringing claims based on evidence outside the record is through a personal restraint petition, not an appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). Also, if a SAG argument does not inform the court of the

5

No. 34719-2-III
*State v. Gaston*

nature and occurrence of the alleged errors, review may be declined. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008); RAP 10.10(c). We decline to review as Mr. Gaston's SAG does not cite to any portion of the record, nor are these arguments found in the record.

## CONCLUSION

We remand for the trial court to strike condition 14 and modify condition 20 as set forth in this opinion. Mr. Gaston's conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Korsmo, J.                              Siddoway, J.

6