IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80958-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | PUBLISHED OPINION |
| | ) | |
| ROLAND KOPP, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

ANDRUS, A.C.J. — Roland Kopp appeals the trial court's denial of his petition to vacate a 2012 third degree assault conviction. We conclude RCW 9.94A.640 grants discretion to the trial court to grant or deny a motion to vacate a conviction, even if an offender satisfies the statutory criteria. We further conclude the trial court did not abuse its discretion in denying Kopp's motion under the circumstances of this case.

## FACTS

In the early morning hours of August 7, 2011, K.S. was walking near the Kirkland waterfront when she stopped to talk with a small group of people standing outside of a closed restaurant.[1]  Shortly thereafter, two people left, leaving K.S.

---

[1] We take these facts from the probable cause certification, facts to which Roland Kopp stipulated for purposes of sentencing in his plea agreement.

alone with Kopp and a man named Christopher Smith. The men invited K.S. into the restaurant and locked the door behind her, and sexually assaulted her.

When K.S. was allowed to leave the restaurant, she called 911. The responding officers found K.S. crying uncontrollably and lying on the sidewalk. K.S. described both assailants and identified the restaurant in which the assault had occurred.

The police located Kopp inside the restaurant and determined he matched the description of one of K.S.'s assailants. A subsequent investigation uncovered K.S.'s earrings and shoes in the restaurant, and DNA evidence linking Kopp to K.S.

Based on this evidence, the State charged Kopp with one count of second degree rape. In July 2012, Kopp pleaded guilty to an amended charge of third-degree assault. In September 2012, Kopp was sentenced to 90 days electronic home detention and 12 months of community custody. In December 2012, the Department of Corrections notified the court that Kopp had completed the period of electronic home detention, was working for his parents at the same restaurant where the crime occurred, and had entered into a payment plan to pay off the legal financial obligations. DOC closed its supervision of the case that same month.

In November 2019, Kopp moved to vacate his judgment and sentence pursuant to RCW 9.94A.640. The State conceded that Kopp was eligible but opposed the motion due to the "concerning nature of the overall incident." The court reviewed the records in the case, Kopp's plea statement and plea agreement,

and the certification for determination of probable cause and denied the motion. The court concluded:

> These documents detail the underlying criminal acts during which Kopp, at his workplace, forced sexual intercourse with KS—a stranger—against KS's will, then left KS alone with another man who committed similar acts against KS, and lied to police when confronted about his criminal acts. Exercising its discretion under RCW 9.94A.640(1), and based on the particular facts of this specific case, the Court finds that it is not reasonable or appropriate to allow Kopp to withdraw his guilty plea or to vacate his conviction.

Kopp appeals the denial of his motion to vacate his judgement and sentence.

## ANALYSIS

Kopp first argues that RCW 9.94A.640(1) does not grant the court the discretion to deny a motion to vacate a conviction if the offender is not statutorily ineligible under RCW 9.94A.640(2). We reject this interpretation of RCW 9.94A.640(1) because the plain language of the statute vests discretion in the trial court to grant or deny such a motion.

We review questions of statutory interpretation de novo. State v. Taylor, 162 Wn. App. 791, 797, 259 P.3d 289 (2011) (citing State v, Alvarado, 164 Wn. 2d 556, 561, 192 P.3d 345 (2008)). Our purpose is to discern and implement the intent of the legislature. Id. Where the meaning of a statute is plain, we must give effect to that meaning. Id. We determine the plain meaning by considering the statute in its entirety along with any related statutory provisions. Id.

RCW 9.94A.640(1) provides:

> Every offender who has been discharged under RCW 9.94A.637 may apply to the sentencing court for a vacation of the offender's record of conviction. If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court may clear the record of conviction … (emphasis added).

- 3 -

Under RCW 9.94A.640(2),

An offender may not have the record of conviction cleared if:

(a) There are any criminal charges against the offender pending in any court of this state or another state, or in any federal court;

(b) The offense was a violent offense as defined in RCW 9.94A.030 or crime against persons as defined in RCW 43.43.830, except the following offenses may be vacated if the conviction did not include a firearm, deadly weapon, or sexual motivation enhancement: (i) Assault in the second degree under RCW 9A.36.021; (ii) assault in the third degree under RCW 9A.36.031 when not committed against a law enforcement officer or peace officer, and (iii) robbery in the second degree under RCW 9A.56.210.

(c) The offense is a class B felony and the offender has been convicted of a new crime in this state, another state, or federal court in the ten years prior to the application for vacation;

(d) The offense is a class C felony and the offender has been convicted of a new crime in this state, another state, or federal court in the five years prior to the application for vacation;

(e) The offense is a class B felony and less than ten years have passed since the later of: (i) The applicant's release from community custody; (ii) the applicant's release from full and partial confinement; and (iii) the applicant's sentencing date;

(f) The offense was a class C felony, other than a class C felony described in RCW 46.61.502(6) or 46.61.504(6), and less than five years have passed since the later of: (i) The applicant's release from community custody; (ii) the applicant's release from full and partial confinement; or (iii) the applicant's sentencing date; or

(g) The offense was a felony described in RCW 46.61.502 or 46.61.504.

It is undisputed that Kopp's conviction did not involve one of the listed disqualifying crimes and that five years had passed since his conviction, during which he was crime free. Kopp thus met "the tests prescribed in subsection (2)" of RCW 9.94A.640(1). The first question on appeal is whether the statute requires a sentencing court to vacate an offender's conviction under these circumstances. We conclude it does not.

First, in interpreting these two provisions together, RCW 9.94A.640(2) is not a list of eligibility requirements but is, instead, a list of criteria rendering an offender ineligible for vacation of a conviction. The fact that Kopp is not statutorily ineligible under RCW 9.94A.640(2) does not render him automatically eligible for this relief under RCW 9.94A.640(1).

Second, the legislature provided that even if an offender is not disqualified under RCW 9.94A.640(2), the sentencing court "may" vacate a conviction. When the legislature uses the word "may" in a statute, it is generally considered to be permissive and "operates to confer discretion." State v. McMillan, 152 Wn. App. 423, 426-27, 217 P.3d 374 (2009) (citing Spokane County ex rel. Sullivan v. Glover, 2 Wn.2d 162, 165, 97 P.2d 628 (1940)). Our Supreme Court has previously noted that "[u]nder the vacation statute, the court in its discretion 'may clear the record of conviction'" In re Pers. Restraint of Carrier, 173 Wn.2d 791, 804, 272 P.3d 209 (2012) (emphasis added).

Kopp relies on State v. Haggard, 195 Wn.2d 544, 461 P.3d 1159 (2020) to support his argument that the sentencing court's discretion under RCW 9.94A.640(1) is limited to determining whether an offender is disqualified under RCW 9.94A.640(2)(a) through (g). Haggard, however, does not support this proposition. In that case, the Supreme Court was asked whether a dismissed misdemeanor conviction qualified as a conviction for the purposes of calculating an offender score under the Sentencing Reform Act (SRA). 195 Wn.2d at 546.

The court held that a "dismissal" under RCW 3.66.067 (deferral of sentence and subsequent dismissal of charge) is legally distinct from a "vacation" under

RCW 9.96.060 (vacating records of conviction for misdemeanor and gross misdemeanor offenses). Id. at 553. The court noted that "[d]ismissing a charge rests almost entirely on the discretion of a trial court" while "[v]acation entails substantially more." Id. at 554. After noting many of the crimes that render an offender ineligible for the vacation of a conviction, the court stated that "[g]ranting dismissal and vacation are both matters of discretion, but, as discussed above, the vacation statute limits this discretion." Id. at 555.

But the Haggard court, in stating that the legislature has limited the sentencing court's discretion, was referring to the fact that the legislature has prohibited the court from vacating convictions for a set of listed crimes. Haggard does not support the contention that the legislature limited the court's discretion by mandating the vacation of all other convictions.

RCW 9.94A.640, like the statute discussed in Haggard, provides that an offender who committed a disqualifying crime cannot have that conviction vacated; it does not contain an expression of the inverse proposition. Indeed, Kopp's argument is an illustration of the basic fallacy of the inverse: If A (offender was convicted of a disqualifying crime), then B (offender's conviction shall not be vacated); if not A (offender was not convicted of a disqualifying crime); therefore not B (offender's conviction shall be vacated). See Wash. Fed. v. Gentry, 179 Wn. App. 470, 485, 319 P.3d 823 (2014) (it is a logical fallacy to argue that the inverse of what is stated in a statute is necessarily true).

We conclude that even if an offender did not commit a disqualifying crime, RCW 9.94A.640(1), by its plain language, vests the sentencing court with the discretion to grant or deny a motion to vacate the offender's record of conviction.

Kopp next argues the sentencing court erred in relying on the facts of the crime in deciding to deny his motion to vacate. We review the sentencing court's decision to deny a motion to vacate for abuse of discretion. A court abuses its discretion when its decision "'is manifestly unreasonable or based upon untenable grounds or reasons.'" State v. Lamb, 175 Wn.2d 121, 127, 285 P.3d 27 (2012) (quoting State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)). A decision is based on untenable reasons if it "'is based on an incorrect standard or the facts do not meet the requirements of the correct standard'" and is manifestly unreasonable if it "'is outside the range of acceptable choices, given the facts and the applicable legal standard.'" Lamb, 175 Wn.2d at 127 (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

We conclude the sentencing court did not use an incorrect standard, the facts to which Kopp stipulated support the court's decision, and the denial was not outside the range of acceptable choices. RCW 9.94A.640(1) requires an offender to file the motion to vacate with "the sentencing court." RCW 9.94A.530(2) provides that this same sentencing court "may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." In this case, Kopp stipulated to facts, as set out in the probable cause certification and prosecutor's summary, as the "real and material facts" in accordance with RCW 9.94A.530. If Kopp agreed that the sentencing

court could rely on the facts in the probable cause certification when determining the appropriate sentence, we can see no abuse of discretion in relying on those same facts when deciding whether to vacate that conviction. We conclude the sentencing court did not err in relying on facts in the probable cause certification in exercising its discretion under RCW 9.94A.640(1).

Kopp contends the trial court erred in not considering that the second degree rape charge was reduced to third degree assault and in not acknowledging that Kopp complied with the conditions of his judgment and sentence. But the record does not support this argument. The trial court explicitly stated it "carefully reviewed the record in this case, including the motion, the State's response, Kopp's reply to the State's response, Kopp's Statement of Defendant on Plea of Guilty, the Certification for Determination of Probable Cause, and Kopp's Felony Plea Agreement . . . ." It is clear from these documents that Kopp pleaded guilty to a reduced charge, and that Kopp completed the terms of his community custody. The sentencing court simply decided that the aggravating facts of the crime outweighed these mitigating facts. We cannot conclude this decision amounted to an abuse of discretion.

Affirmed.

Andrus, A.C.J.

WE CONCUR:

Mann, C.J.                    Leach, J.

- 8 -