THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81259-9-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SABELITA LAVAUGHN HAWKINS, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

ANDRUS, A.C.J. — Sabelita Hawkins appeals the denial of a motion to vacate her 2011 convictions for felony harassment and malicious mischief, arguing that the sentencing court abused its discretion by basing its denial on facts contained in the probable cause certifications for the crimes. The sentencing court's reliance on facts contained in the probable cause certifications was not an abuse of discretion, and we affirm.

## FACTS

In 2011, at the age of 43, Sabelita Hawkins had established a career as a registered nurse at the Seattle Veterans Administration hospital. That year, however, she experienced a period of psychosis that led to two incidents during which she assaulted others. In October 2011, Hawkins assaulted a coworker at the VA, resulting in Hawkins being charged with third degree assault. Several

Citations and pin cites are based on the Westlaw online version of the cited material.

weeks later, Hawkins stabbed her mother multiple times, unprovoked and in the presence of her two-year-old daughter. The State charged Hawkins with first degree assault for this incident.

Hawkins received mental health treatment while awaiting trial for the next year, showing great improvement. On December 21, 2012, Hawkins pleaded guilty to reduced charges of felony harassment and second degree malicious mischief.

The plea agreement provided: "In accordance with RCW 9.94A.530, the parties have stipulated that the following are real and material facts for purposes of this sentencing: The facts set forth in the certification(s) for determination of probable cause and prosecutor's summary." The sentencing court, based on the parties' agreed recommendation, reviewed these materials and imposed a "First Time Offender Waiver" sentence under RCW 9.94A.650. Hawkins was sentenced to 90 days of incarceration, with credit for time served, which the court deemed satisfied at her sentencing hearing, and to other conditions, including 12 months of community custody, a substance abuse evaluation, and a mental health evaluation. She also agreed to opt into the King County District Court's Regional Veterans Court for a related assault in the fourth degree conviction.

Hawkins complied with the terms of her sentence and the court entered a certificate and order of discharge under RCW 9.94A.637 in January 2015.

In 2019, Hawkins filed a motion to vacate her convictions under RCW 9.94A.640. Her motion established that she was eligible under the statute and the State agreed with the proposed order to vacate. The sentencing court, however, denied the motion because the plea agreement and certification of probable cause

detail the underlying events during which Hawkins made death threats and chased and stabbed her mother with an eight-inch knife and, on another occasion, became hostile and caused damage at a healthcare facility. . . . [B]ased on the particular facts of this specific case, the Court finds that it is not reasonable or appropriate to allow Hawkins to withdraw her guilty plea or to vacate her conviction.

Hawkins filed a second motion to vacate in January 2020, providing more information about the extent and success of her mental health treatment since 2011 and her difficulty in locating employment since her felony convictions. She attached a mitigation report submitted by the King County Department of Public Defense detailing her success in mental health treatment since she was released from jail in 2012. Hawkins also submitted a psychiatric evaluation conducted in 2017, which indicated that Hawkins's brief psychotic disorder from 2011 was in remission and concluded that the VA psychiatrists who evaluated her in October and November 2011 provided an inadequate assessment of and treatment for Hawkins's mental illness. The sentencing court, however, again denied the motion to vacate on the same basis. Hawkins appeals.

ANALYSIS

RCW 9.94A.640(1) provides, "[e]very offender who has been discharged under RCW 9.94A.637 may apply to the sentencing court for a vacation of the offender's record of conviction. If the court finds the offender meets the tests prescribed in subsection (2) of this section, the court may clear the record of conviction." The State does not dispute that Hawkins is not disqualified from seeking to have her convictions vacated under RCW 9.94A.640(2). But even if an offender is not disqualified under RCW 9.94A.640(2), "RCW 9.94A.640(1), by its plain language, vests the sentencing court with the discretion to grant or deny a

- 3 -

motion to vacate the offender's record of conviction." State v. Kopp, 15 Wn. App. 2d 281, 287, 475 P.3d 517 (2020).

We therefore review the sentencing court's decision to deny a motion to vacate for abuse of discretion. Id. A court abuses its discretion when its decision "is manifestly unreasonable or based upon untenable grounds or reasons." State v. Lamb, 175 Wn.2d 121, 127, 285 P.3d 27 (2012) (quoting State v. Powell, 126 Wn.2d 244, 258, 893 P.2d 615 (1995)). A decision is based on untenable reasons if it "is based on an incorrect standard or the facts do not meet the requirements of the correct standard" and is manifestly unreasonable if it "is outside the range of acceptable choices, given the facts and the applicable legal standard." Lamb, 175 Wn.2d at 127 (quoting In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997)).

Hawkins argues that the sentencing court violated its discretion by relying on facts contained in the probable cause certifications, specifically the fact that she stabbed her mother and became hostile at her place of work. Hawkins asserts that, because her felony plea agreement included a stipulation that facts in the probable cause certification were "real and material facts for purposes of this sentencing," the stipulated facts cannot be used "for any purpose other than for sentencing on the reduced charges."

We recently addressed an identical issue in Kopp, 15 Wn. App. 2d 281. The defendant in that case, charged with second degree rape, pleaded guilty to an amended charge of third degree assault. Id. at 283. In his plea agreement, Kopp also stipulated to the facts contained in the probable cause certification as "real and material" for the purposes of sentencing, in accordance with RCW 9.94A.530.

- 4 -

Id. at 288. The sentencing court then denied his subsequent motion to vacate the conviction, citing his plea agreement and facts contained in the probable cause certification. Id. at 283-84. On appeal, Kopp argued that the sentencing court abused its discretion by relying on the stipulated facts in the probable cause certification to deny the motion to vacate. Id. at 287.

Under RCW 9.94A.530(2), the sentencing court "may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." We held in Kopp that the sentencing court did not abuse its discretion in relying on those facts in denying a motion to vacate under RCW 9.94A.640(1). Id. at 288. We reasoned that, "[i]f Kopp agreed that the sentencing court could rely on the facts in the probable cause certification when determining the appropriate sentence, we can see no abuse of discretion in relying on those same facts when deciding whether to vacate that conviction." Id. Kopp is dispositive of Hawkins's appeal.

Hawkins seeks to distinguish Kopp on two bases. First, she contends she did not agree that the unproven facts in the probable cause certification could be used for any purpose other than sentencing. But we considered and rejected that same argument in Kopp. Both defendants pleaded guilty to a reduced charge and, in the process, stipulated to facts as "real and material facts for purposes of [] sentencing." Kopp establishes that, where a defendant stipulates to a set of facts for the purpose of sentencing, the sentencing court may rely on those facts in subsequent vacation proceedings. The stipulated facts were not merely unproven allegations, but were real and material for the purposes of both sentencing and

Hawkins's motion to vacate. The sentencing court thus did not abuse its discretion when it relied upon those facts in denying Hawkins's motion.

Second, Hawkins argues Kopp did not address whether "a judge should have unfettered discretion to deprive a Black person of her civil rights in light of the criminal justice system's role in perpetuating legalized forms of racial discrimination." She argues that such unfettered discretion risks the arbitrary and racially biased application of the vacation statute, citing our Supreme Court's recognition of the "implicit and overt racial bias against black defendants in this state," in State v. Gregory, 192 Wn.2d 1, 22, 427 P.3d 621 (2018).

We note that Hawkins raises this issue for the first time on appeal in contravention of RAP 2.5(a). She did not argue below that reliance on the probable cause certification to evaluate her motion to vacate perpetuated racial bias in the criminal justice system. We acknowledge that the criminal justice system has perpetuated legalized forms of racial discrimination against Black defendants and that the judiciary has played a role in this discrimination. We will not tolerate racial bias, whether implicit or overt, in any discretionary decision a trial court may make.

But without evidence, we cannot reach the conclusion that Hawkins's race played a role in her prosecution, sentence, or the denial of a motion to vacate her convictions. The record here establishes that Hawkins assaulted a co-worker at the VA and two months later, assaulted her mother with a knife. Her mother "sustained lacerations/stab wounds to her face, left shoulder, and upper back." Hawkins's mother faced multiple surgeries to repair the damage from this assault because "the knife penetrated all the way through her cheek, and cut her tongue, which required surgery to repair, while another stab wound was deep enough to

- 6 -

puncture her lung." Hawkins was originally charged with assault in the first degree for the attack on her mother and assault in the third degree for the assault of her co-worker.

During Hawkins's sentencing hearing, the State indicated that it was initially working on a resolution of these charges whereby Hawkins would plead "not guilty by reason of insanity" but the State abandoned that effort when it learned Hawkins could not receive treatment from the Veterans Administration if such a plea were entered. So instead it crafted a plea agreement that would provide a similar level of structure and supervision to allow Hawkins to transition safely back into the community. The State and Hawkins agreed she would enter a guilty plea to a charge of assault in the fourth degree in district court so that she could enter King County District Court's Regional Veterans Court and have two to five years of court supervision. They agreed Hawkins would then plead guilty to reduced charges of felony harassment and malicious mischief in superior court and agreed to recommend a First-Time Offender Waiver sentence. As a part of the deal, the State worked with the VA to ensure Hawkins had supportive housing for up to two years. Hawkins's mother supported the plea agreement and the treatment plan the VA had set up for Hawkins and expressed her appreciation to the prosecutor, the VA, and the court for helping her daughter recover.

The sentencing court, in accepting the joint sentencing recommendation, indicated it was impressed with the degree of thought that had gone into finding an appropriate resolution for Hawkins. It noted that if Hawkins had been convicted of assault in the first degree, she could have been sentenced to 5 years in prison. The recommended First-Time Offender Waiver sentence was, in the court's

opinion, "a gift." "Instead of five years in prison, you've been given an opportunity to heal your life and your relationship with your mother."

In light of the facts of the incidents that led to Hawkins's criminal charges, the subsequent significant reduction in those charges, the recommended sentence that ensured that Hawkins would obtain treatment, and the sentencing court's acceptance of the joint recommendation, the record does not support the allegation that Hawkins's race, either implicitly or overtly, played a role in this particular case.

Nor did the sentencing court overlook Hawkins's mitigation evidence when it considered whether to vacate her convictions. It explicitly indicated it had "carefully reviewed" the material she submitted, including the mitigation report and psychiatric evaluation. While different courts could have reasonably viewed Hawkins's psychotic episode and isolated assaultive conduct as a symptom of her disease and evaluated the mitigation evidence differently, we are constrained by the standard of review and the evidentiary record before us. The sentencing court's decision not to vacate her convictions was not outside the range of acceptable choices and we therefore can find no abuse of discretion.

Affirmed.

_Andrus, A.C.J._

WE CONCUR:

_Chun, J._                          _Verellen, J._

- 8 -