IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 81955-1-I |
| | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MELVIN MARCUS JOHNSON, | ) | |
| | ) | |
| Appellant. | ) | |

BOWMAN, J. — Melvin Marcus Johnson appeals a trial court order denying his petition to vacate a 1997 conviction for third degree assault of a law enforcement officer. Because RCW 9.94A.640(2)(b)(ii) prohibits the trial court from vacating this kind of conviction, it did not err in denying his petition. We affirm.

## FACTS

In 1995, Johnson punched a Cascade Mall[1] Sears security guard when he and a companion tried to leave the store with stolen items. The State charged Johnson with third degree assault of a law enforcement officer or other employee of a law enforcement agency while performing his official duties under RCW 9A.36.031(1)(g), a class C felony. Johnson pleaded guilty as charged in December 1997 and the court sentenced him on January 8, 1998.

---

[1] The Skagit County Cascade Mall permanently closed in June 2020.

Citations and pin cites are based on the Westlaw online version of the cited material.

The court issued Johnson a certificate of discharge on May 1, 1998. A year later, Johnson murdered three people in a separate incident. As a result, he has been serving a term of life imprisonment without the possibility of parole since July 26, 1999.

On July 4, 2020, Johnson petitioned the court to exercise its discretion under RCW 9.94A.640(1) and vacate his 1997 assault conviction. The State opposed Johnson's motion, arguing that the court could not vacate the crime of assaulting a law enforcement or peace officer because RCW 9.94A.640(2)(b)(ii) disqualifies that offense as eligible for vacation. The State also asserted the court could not vacate the 1997 class C felony conviction under RCW 9.94A.640(2)(f) because Johnson was incarcerated and "less than five years have passed since the defendant's release from confinement." Finally, the State argued that even if the court determined Johnson's crime was eligible for vacation, the court should exercise its discretion under RCW 9.94A.640(1) and deny Johnson's petition.

No one appeared on Johnson's behalf at the hearing on his petition to vacate. The trial court found that "particularly in light of the fact that Mr. Johnson is still in custody," it was denying his petition under RCW 9.94A.640(2)(f). The court also found the State's argument that the crime of third degree assault of a law enforcement officer is not eligible for vacation under RCW 9.94A.640(2)(b)(ii) had "some merit." The court denied Johnson's petition to vacate his 1997 conviction.

Johnson moved to reconsider, arguing for the first time that the security guard he assaulted was "a private entity," not a law enforcement officer, and that the court should allow him to withdraw his guilty plea if it did not vacate his conviction. The court denied the motion to reconsider without prejudice because Johnson filed it in the wrong judicial department and did not provide notice to the State.

ANALYSIS

Johnson argues that the trial court erred by denying his petition to vacate the 1997 third degree assault conviction under RCW 9.94A.640.[2] We disagree.

We review a trial court's refusal to vacate for abuse of discretion. State v. Kopp, 15 Wn. App. 2d 281, 287, 475 P.3d 517 (2020). A court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. Kopp, 15 Wn. App. 2d at 287-88.

We review questions of statutory interpretation de novo. State v. Conover, 183 Wn.2d 706, 711, 355 P.3d 1093 (2015). Our purpose is to discern and implement the intent of the legislature. State v. Alvarado, 164 Wn.2d 556, 561-62, 192 P.3d 345 (2008). When the meaning of a statute is plain, we must give effect to that meaning. Alvarado, 164 Wn.2d at 562. We determine the plain meaning by considering the statute in its entirety along with any related statutory provisions. Alvarado, 164 Wn.2d at 562.

---

[2] Johnson does not appeal the trial court's ruling denying his motion to reconsider.

RCW 9.94A.640(1) sets forth a two-step process for vacating a qualified petitioner's felony conviction.[3]  First, the court must determine whether the conviction meets the legal requirements for eligibility under RCW 9.94A.640(2). If a court finds the conviction meets the tests prescribed in subsection (2) of the statute, the court may exercise its discretion to "clear the record of conviction." RCW 9.94A.640(1).[4]

RCW 9.94A.640(2)(b) precludes a trial court from vacating "crime[s] against persons."  "Crimes against persons" include convictions for third degree assault.  RCW 43.43.830(7).  Even so, the plain language of the statute allows an offender to petition the court to vacate a third degree assault conviction if "the conviction did not include a firearm, deadly weapon, or sexual motivation enhancement" and the offense was "not committed against a law enforcement officer or peace officer."  RCW 9.94A.640(2)(b)(ii).

Here, the State charged Johnson with third degree assault "in violation of RCW 9A.36.031(1)(g)."  A person commits assault under that statute when 1) under circumstances not amounting to assault in the first or second degree, 2) he assaults a law enforcement officer or other employee of a law enforcement agency 3) who was performing official duties at the time of the assault.  RCW 9A.36.031(1)(g).  Johnson pleaded guilty to the offense as charged.  Johnson

---

[3] The statute applies equally to convictions resulting from guilty pleas and those following jury verdicts.  RCW 9.94A.640(1).  We agree with Johnson and the State that the 2019 amendments to RCW 9.94A.640 apply to Johnson's 1997 conviction.  See LAWS OF 2019, ch. 331, § 3.

[4] In exercising its discretion, the court may consider "the facts of the crime" and any other relevant aggravating or mitigating circumstances.  See Kopp, 15 Wn. App. 2d at 287-88.

was thus convicted[5] of an assault committed against a law enforcement officer, an offense the court cannot vacate under RCW 9.94A.640(2)(b)(ii).[6]

Johnson argues on appeal that he "did not commit a disqualifying crime because his guilty plea [to assaulting a law enforcement officer] is facially invalid." According to Johnson, his plea is defective because "it does not prove that he understood the elements of the charge, nor does it contain a sufficient factual or legal basis to establish the elements of the crime."[7] But nothing in RCW 9.94A.640 tasks a trial court with assessing the validity of an underlying conviction in determining whether it is eligible for vacation under subsection (2) of the statute. And Johnson had several opportunities to challenge the validity of his guilty plea. Johnson could have sought postconviction relief, appeal, or collateral attack. See CrR 4.2(f) (withdrawal of plea), 7.4 (arrest of judgment); RAP 2.1 (appeal), 16.4 (personal restraint petition). He did not pursue any of those available remedies.

---

[5] Under RCW 9.94A.030(9), "conviction" means "an adjudication of guilt," including "a verdict of guilty, a finding of guilty, and acceptance of a plea of guilty." We treat a guilty plea the same as we would a jury verdict to determine whether a defendant has been convicted. Woods v. Rhay, 68 Wn.2d 601, 605, 414 P.2d 601 (1966); State v. Schimmelpfennig, 92 Wn.2d 95, 104, 594 P.2d 442 (1979).

[6] Johnson suggests that the court should have looked beyond the elements of the crime in determining whether his conviction was eligible to be vacated under RCW 9.94A.640(2). But he cites no authority to support his proposition. " 'Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.' " State v. Logan, 102 Wn. App. 907, 911 n.1, 10 P.3d 504 (2000) (quoting DeHeer v. Seattle Post-Intelligencer, 60 Wn.2d 122, 126, 372 P.2d 193 (1962)).

[7] Johnson argues, as he did in his motion to reconsider below, that a private store security guard is not a law enforcement or peace officer under Washington law.

Because Johnson is statutorily disqualified from vacating a conviction for assaulting a law enforcement officer under the plain language of RCW 9.94A.640(2)(b)(ii), the trial court did not err in denying his petition. We affirm.[8]

Brennan, J.

WE CONCUR:

Andrus, A.C.J.                Coburn, J.

---

[8] Because we affirm on this ground, we need not reach Johnson's argument that the court erred in relying on his current incarceration for a different crime in denying his petition to vacate under RCW 9.94A.640(2)(f).