# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>STEVEN LEROY HICKS,<br><br>Appellant. | No.  55384-8-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Steven L. Hicks appeals the superior court's order revoking his drug offender sentencing alternative (DOSA) sentence.  Hicks argues that the superior court lacked authority to revoke the DOSA.  We agree and reverse the revocation of Hicks' DOSA.

## FACTS

On April 21, 2017, Hicks was convicted of unlawful possession of ammonia with intent to manufacture methamphetamine and unlawful possession of a controlled substance with intent to deliver.  The superior court imposed a DOSA with 55 months of confinement followed by 55 months of community custody.  The conditions of the DOSA required Hicks to participate in drug evaluation and treatment while on community custody.  The community custody conditions also prohibited Hicks from consuming or unlawfully possessing controlled substances and required Hicks to obey all laws.

No. 55384-8-II

When Hicks was released from prison, he began serving terms of community custody for unrelated cases. Supervision for the term of community custody for Hicks' DOSA was set to start on February 8, 2021.

On August 14, 2020, the State filed a petition seeking to revoke Hicks' DOSA. The petition to revoke was based on Hicks' guilty plea to multiple new charges on August 13, 2020. The petition also alleged that Hicks consumed and unlawfully possessed controlled substances. Hicks objected to the revocation arguing that he had been serving a term of community custody on an unrelated case and had not yet begun serving the term of community custody on the DOSA at the time of the new offenses. The superior court revoked Hicks' DOSA.

Hicks appeals.

ANALYSIS

Hicks argues that the superior court lacked statutory authority to revoke his DOSA because he was not serving the community custody portion of the DOSA at the time he pleaded guilty to the new offenses. We agree.

RCW 9.94A.660[1] governs both prison-based and residential DOSAs. RCW 9.94A-.660(7)(a) provides:

> The court may bring any offender sentenced under this section back into court at any time on its own initiative to evaluate the offender's progress in treatment or to determine if any violations of the conditions of the sentence have occurred.

---

[1] RCW 9.94A.660 was amended multiple times since the revocation hearing in this case. However, there were no changes made to RCW 9.94A.660(7), therefore, we cite to the current version of the statute.

2

RCW 9.94A.660(7)(c) further provides:

> The court may order the offender to serve a term of total confinement within the standard range of the offender's current offense at any time during *the* period of community custody if the offender violates the conditions or requirements of the sentence or if the offender is failing to make satisfactory progress in treatment.

(Emphasis added.)

We review questions of statutory interpretation de novo in order to determine and carry out legislative intent. *State v. Alvarado*, 164 Wn.2d 556, 561-62, 192 P.3d 345 (2008). "Where the meaning of statutory language is plain on its face, we must give effect to that plain meaning as an expression of legislative intent." *Id.* at 562.

The plain language of RCW 9.94A.660(7)(a) establishes that the court has the authority to bring the offender into court to review the DOSA at any time. However, the superior court may only revoke the DOSA if the offender has violated the conditions of the sentence or failed to make satisfactory progress in treatment "during *the* period of community custody." RCW 9.94A.660(7)(c) (emphasis added). Use of an indefinite article "a" is used to refer to something undetermined, unidentified, or unspecified while use of a definite article "the" is used to refer to something that has been identified or determined. *In re Det. of Strand*, 167 Wn.2d 180, 188-89, 217 P.3d 1159 (2009). The use of a definite rather than indefinite article indicates that the superior court's authority to revoke is limited to the period of community custody related to the DOSA. The legislature has not granted the superior court the authority to revoke a DOSA during any period of community custody an offender may be serving.

Here, the undisputed facts in the record establish that Hicks had not begun serving the term of community custody related to his DOSA, and Hicks' violations did not occur during the term

of community custody related to his DOSA. Because Hicks was not serving the period of community custody related to the DOSA, the superior court lacked statutory authority to revoke the DOSA under RCW 9.94A.660(7).

The State argues that the conditions of Hicks' DOSA community custody continued to apply whether he was serving that term or not. However, the State's argument is unpersuasive because the issue before us is not whether Hicks' community custody conditions applied to him, rather the issue is only whether the superior court had the statutory authority to revoke Hicks' DOSA.

The State also relies heavily on *In re Personal Restraint of Dalluge*, 162 Wn.2d 814, 177 P.3d 675 (2008). But the State's reliance on *Dalluge* is misplaced. *Dalluge* addressed the Department of Corrections' (DOC) authority to sanction an offender for violating community custody conditions even when the term of community custody was tolled due to incarceration. *Id.* at 816-17. Our Supreme Court recognized that the legislature had provided DOC with broad, sweeping authority to supervise offenders and did nothing to limit that authority while an offender is incarcerated. *Id.* at 818. Unlike *Dalluge*, this case addresses the superior court's authority to revoke a DOSA, not DOC's authority to supervise an offender.[2] Moreover, here, the legislature

---

[2] Because the issue before us is limited to whether the superior court had the statutory authority to revoke Hicks' DOSA, we take no position on whether Hicks was required to otherwise comply with the community custody conditions imposed as part of DOSA or whether DOC had the authority to impose sanctions for violating those conditions.

has explicitly limited the superior court's authority to revoke a DOSA.[3] Accordingly, the reasoning of *Dalluge* does not apply here.

We reverse the superior court's order revoking Hicks' DOSA.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, J.

VELJACIC, J.

---

[3] We note that the superior court has the authority, if it chooses to exercise it, to require an offender who is under community custody conditions from a previous conviction to be immediately obligated to follow additional community custody conditions for the new conviction. RCW 9.94A.589(2)(b) provides, "Whenever a second or later felony conviction results in consecutive community custody with conditions not currently in effect, under the prior sentence or sentences of community custody, the court may require that the conditions of community custody contained in the second or later sentence begin during the immediate term of community custody and continue throughout the duration of the consecutive term of community custody."