# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53621-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ELLIOTT MONROE PEDEN, | |
| Appellant. | |

MAXA, J. – A jury convicted Elliott Peden of residential burglary, seven counts of first degree trafficking in stolen property, and theft of a motor vehicle. Peden challenges the sufficiency of the evidence of one count (count 7) of trafficking in stolen property, involving a DVD. He also asserts claims in a statement of additional grounds (SAG). We hold that sufficient evidence supports his conviction, and we decline to address the SAG claims because they rely on facts outside the record. Therefore, we affirm Peden's conviction as charged in count 7.

## FACTS

Andrew Baldwin owned a home in Lakewood but only lived there about one month of the year. On May 15, 2018, several neighbors noticed that Baldwin's garage door was open and called the police. An investigation led the police to Peden. The police discovered that Peden had sold items to multiple pawn shops, and they subsequently recovered many of those items.

Detective Karen Herritt recovered one of two DVDs that Peden pawned at a used book store. She then returned the DVD to Baldwin. Baldwin identified the DVD when Herritt gave it to him. Herritt stated that Baldwin did not have any trouble identifying any of his property. Baldwin did not specifically testify about the DVD.

The State charged Peden with residential burglary, seven counts of first degree trafficking in stolen property, and theft of a motor vehicle. A jury found him guilty of all counts. Peden appeals only his conviction of count 7, first degree trafficking in stolen property involving the DVD.

## ANALYSIS

A.    SUFFICIENCY OF EVIDENCE

Peden argues that the State failed to prove first degree trafficking in stolen property as charged in count 7 because there was insufficient evidence that the DVD at issue was stolen. We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt. *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017).

RCW 9A.82.050 states that a person guilty of first degree trafficking in stolen property if he or she, among other things, "knowingly traffics in stolen property." The trial court instructed the jury that to convict Peden, the State had to prove that he knowingly trafficked in stolen property and that he knew the property was stolen. Peden points out that he could be found guilty of trafficking only if the property was in fact stolen.

Peden argues that the evidence is insufficient to support the trafficking conviction regarding the DVD because Baldwin never identified the recovered DVD as his. The evidence regarding the DVD was provided by Herritt. She testified that she showed Baldwin a printout of items that had been pawned, and he marked the items that were his. The prosecutor then showed Herritt the printout to refresh her recollection about the DVD. She testified that she returned the one recovered DVD to Baldwin, who did not have any trouble identifying the DVD.

Although Herritt never specifically testified that she asked Baldwin if the DVD was his, taken in context a reasonable juror could infer that Baldwin confirmed that the DVD belonged to him when he identified it. Therefore, a reasonable juror could conclude that the DVD was Baldwin's and therefore was stolen.

We hold that the State presented sufficient evidence to convict Peden of first degree trafficking in stolen property regarding the DVD.

B.      SAG CLAIMS

In his SAG, Peden asserts that his defense counsel refused his requests to present witnesses and to recall State witnesses. He also claims that Baldwin lied about owning some of the property he took and that some of the property belonged to his girlfriend.

But Peden's assertions rely entirely on matters outside the record. As a result, we cannot consider them on direct appeal. *State v. Alvarado,* 164 Wn.2d 556, 569, 192 P.3d 345 (2008) (citing RAP 10.10(c)). These assertions are more properly raised in a personal restraint petition. *Alvarado*, 164 Wn.2d at 569.

No. 536218-II

CONCLUSION

We affirm Peden's conviction of first degree trafficking in stolen property as charged in count 7.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

SUTTON, A.C.J.

CRUSER, J.

4