# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54354-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CYRUS NELSON PLUSH, II | |
| Appellant. | |

MAXA, J. – Cyrus Plush appeals the imposition of certain legal financial obligations (LFOs) following his 2019 conviction of failure to register as a sex offender. In a statement of additional grounds (SAG), he challenges his conviction and sentence.

We exercise our discretion to consider the LFO challenges and hold that (1) community custody supervision fees as determined by the Department of Corrections (DOC) can be imposed on an indigent defendant because those fees are not "costs" as defined in RCW 10.01.160(2); (2) as the State concedes, the trial court erred in imposing supervision fees without conducting an adequate inquiry into Plush's ability to pay them; and (3) as the State concedes, the income-withholding provision in the judgment and sentence must clarify that LFOs cannot be satisfied out of any funds subject to 42 U.S.C. § 407(a). We also reject Plush's SAG claims.

Accordingly, we affirm Plush's conviction, but we remand for the trial court to reconsider the imposition of community custody supervision fees and to amend the income-

withholding provision in the judgment and sentence to reflect that no LFOs may be satisfied out of any funds subject to 42 U.S.C. § 407(a).

FACTS

In September 2019, Plush was convicted after a bench trial of failure to register as a sex offender. The trial court sentenced him to 55 months in confinement and 36 months in community custody.

The trial court imposed a $500 crime victim penalty assessment, and as a condition of community custody required Plush to "pay supervision fees as determined by DOC." Clerk's Papers (CP) at 26. However, the court made no oral or written finding regarding whether Plush was indigent and did not determine if Plush had the present or future ability to pay supervision fees. The judgment and sentence also included a "Notice of Income-Withholding Action" section, which consisted of boilerplate language that allowed DOC or the court clerk to impose a payroll deduction or take other income-withholding action if Plush failed to make timely LFO payments. CP at 30. Plush did not object to the imposition of supervision fees or to the income-withholding provision.

Plush appeals the imposition of LFOs and challenges his conviction in his SAG.

ANALYSIS

A.    IMPOSITION OF COMMUNITY CUSTODY SUPERVISION FEES

Plush argues that the trial court erred in imposing community custody supervision fees as an LFO because (1) they are costs that cannot be imposed on an indigent defendant and (2) the court did not inquire into his ability to pay his discretionary LFO. We conclude that the trial court was not precluded from imposing supervision fees, but that the court erred in failing to inquire into Plush's ability to pay before imposing those fees.

1.     Failure to Object in Trial Court

Initially, the State argues that Plush is precluded from challenging the imposition of community custody supervision fees because he is raising the objection for the first time on appeal.

Plush does not explain why he failed to object in the trial court to the imposition of supervision fees.  Defense counsel had an obligation here to raise the issue so the trial court could clarify whether it intended to impose those fees.  Our inclination is to decline to consider Plush's unpreserved challenge to the imposition of supervision fees.

However, under *State v. Blazina*, we may exercise our discretion under RAP 2.5(a) to consider an indigent defendant's ability to pay LFOs.  182 Wn.2d 827, 834-35, 344 P.3d 680 (2015).  And the Supreme Court repeatedly has indicated that courts should exercise their discretion to address LFO issues.  *See State v. Lee*, 188 Wn.2d 473, 501-02, 396 P.3d 316 (2017).  Accordingly, we exercise our discretion to consider Plush's challenge to the imposition of supervision fees.

2.     Supervision Fees

Plush argues that the trial court erred in imposing community custody supervision fees as determined by DOC because he is indigent.  We disagree.

RCW 9.94A.703(2)(d) provides that "[u]nless waived by the court, as part of any term of community custody, the court shall order an offender to . . . [p]ay supervision fees as determined by the [DOC]."  "Community custody supervision fees are discretionary LFOs because they are waivable by the court."  *State v. Spaulding*, 15 Wn. App. 2d 526, 536, 476 P.3d 205 (2020).

Plush relies on RCW 10.01.160(3), which states, "The court shall not order a defendant to pay *costs* if the defendant at the time of sentencing is indigent as defined in RCW

10.101.010(3)(a) through (c)." (Emphasis added.) But RCW 10.01.160(2) defines "cost" as an expense specifically incurred by the State from prosecuting the defendant, administering a deferred prosecution program, or administering pretrial supervision. A community custody supervision fee does not fall within this definition of "cost." *Spaulding*, 15 Wn. App. 2d at 537. Therefore, RCW 10.01.160(3) does not preclude a court from imposing community custody supervision fees on an indigent defendant. *Id.*

We hold that community custody supervision fees could be imposed as an LFO here even though Plush was indigent.

### 3. Inquiry into Ability to Pay

Plush argues, and the State concedes, that the trial court failed to make on the record a particularized, individualized inquiry into his ability to pay discretionary LFOs.

In *Blazina*, the Supreme Court held that the trial court must conduct an individualized inquiry on the record about a defendant's current and future ability to pay before imposing discretionary LFOs. 182 Wn.2d at 839. There are several factors that the court must consider: (1) incarceration, (2) other debts, including other court costs and restitution, (3) income, (4) assets and other financial resources, (5) monthly living expenses, (6) employment history, (7) health care costs, and (8) the ways of proving indigency under the comment to GR 34. *State v. Ramirez*, 191 Wn.2d 732, 742-44, 426 P.3d 714 (2018). Whether the trial court failed to make an adequate inquiry under *Blazina* before imposing a discretionary LFO is a question of law that we review de novo. *Id.* at 741-42.

As noted above, community custody supervision fees are discretionary LFOs. *Spaulding*, 15 Wn. App. 2d at 536. Therefore, *Blazina* and *Ramirez* apply here.

Here, the trial court made no inquiry on the record into Plush's financial circumstances besides the acknowledgement that Plush had no fixed residence. The court also made no specific inquiry into Plush's ability to pay the supervision fees. And the State concedes that the court's inquiry was inadequate. Therefore, we remand for the trial court to reconsider the imposition of community custody supervision fees.

B.      INCOME-WITHHOLDING PROVISION

Plush argues, and the State concedes, that the judgment and sentence must make clear that no LFOs may be satisfied out of any funds subject to 42 U.S.C. § 407(a), including Social Security benefits. *See State v. Dillon*, 12 Wn. App. 2d 133, 153, 456 P.3d 1199, *review denied*, 195 Wn.2d 1022 (2020). We agree and remand for the trial court to amend the income-withholding language in the judgment and sentence to state that no LFOs may be satisfied out of any funds subject to 42 U.S.C. § 407(a).

C.      SAG CLAIMS

Plush makes several assertions in his SAG. We reject these assertions because they either rely on matters outside the record or have no merit.

1.      Matters Outside the Record

Plush argues that (1) he received ineffective assistance of counsel throughout the course of his proceedings because defense counsel would not talk to him, failed to file requested motions, and failed to put on a case; (2) the trial court erred when it denied his motion before trial to discharge his defense counsel; and (3) he was prosecuted in a selective and vindictive manner.

We reject these claims because they rely on matters outside the record. The record is insufficient to evaluate the ineffective assistance of counsel claims. In addition, the record

contains no indication that Plush moved before trial to fire defense counsel or that the court ruled on any such motion. And Plush's allegations regarding vindictive prosecution are outside the record. Plush did submit a sworn statement addressing some of these issues that he attached to his SAG, but that statement also is outside the record.

As a result, we cannot consider these assertions in this direct appeal. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). Instead, they must be raised in a personal restraint petition. *Id.*

2.    Other Claims

First, Plush argues that his right to a speedy trial was violated. Under CrR 3.3(b) and (c), a defendant who is detained in jail must be brought to trial within 60 days of arraignment. However, a defendant waives this right under court rules if he or she fails to timely object to the violation. *State v. Harris*, 130 Wn.2d 35, 44-45, 921 P.2d 1052 (1996). Here, the record shows that Plush did not make an objection within 10 days after notice of the trial date. Accordingly, we hold that Plush waived his time to trial right under CrR 3.3(b).

Second, Plush argues that his sentence is excessive and constitutes cruel and unusual punishment. He claims that he was sentenced to 90 months, but the judgment and sentence shows that he was sentenced to 55 months in confinement and 36 months on community custody. Plush had an offender score of 17 with a seriousness level of II, and his sentence fell within the standard range of 43 to 57 months in confinement. RCW 9.94A.510. Therefore, his sentence was not excessive. In addition, a standard range sentence does not constitute cruel and unusual punishment. *See State v. Farmer*, 116 Wn.2d 414, 434, 805 P.2d 200, 812 P.2d 858 (1991) (a sentence that is within the guidelines as provided by law is not arbitrary or shocking to the sense

of justice to constitute cruel and unusual punishment). Accordingly, we reject Plush's challenge to his sentence.

## CONCLUSION

We affirm Plush's conviction, but we remand for the trial court to reconsider the imposition of community custody supervision fees and to amend the income-withholding provision in the judgment and sentence to reflect that no LFOs may be satisfied out of any funds subject to 42 U.S.C. § 407(a).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

LEE, C.J.

SUTTON, J.