FILED
COURT OF APPEALS DIV 1
STATE OF WASHINGTON

2018 MAR -5 AM 8: 27

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76209-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CHRISTOPHER ARDIS PHELPS, | ) | |
| | ) | |
| Appellant. | ) | FILED: March 5, 2018 |

SCHINDLER, J. — Christopher Ardis Phelps pleaded guilty to taking a motor vehicle without permission in the second degree, count 1, and hit and run injury accident, count 2. The State agreed to a concurrent sentence of 29 months on count 1 and 33 months on count 2. The court imposed an exceptional consecutive sentence of 29 months on count 1 and 33 months on count 2. The court found a concurrent sentence "would result in the defendant being unpunished for Count I" and the multiple victims and Phelps' criminal history were aggravating factors for count 2. Because these reasons do not justify the imposition of an exceptional sentence, we reverse and remand for resentencing.

On September 4, 2016, Christopher Ardis Phelps stole a Nissan Sentra. Phelps drove through a four-way stop sign at approximately 70 m.p.h. The Nissan hit a truck driven by Donald Fox then hit a parked vehicle. The parked vehicle was forced over the

curb and caused minor injuries to a 12-year-old pedestrian. Two of the four passengers in the Nissan were also injured. Phelps fled.

On October 14, 2016, the State charged Phelps with possession of a stolen vehicle, count 1, and a hit and run injury accident, count 2. Phelps agreed to plead guilty to taking a motor vehicle without permission (TMVWOP) in the second degree, count 1, and the hit and run injury accident, count 2. The State calculated the offender score and standard sentence range for each count. With an offender score of 19, the standard sentence range for count 1, TMVWOP in the second degree, was 22 to 29 months. With an offender score of 6, the standard sentence range for count 2, hit and run injury accident, was 33 to 43 months.

At sentencing, the State recommended the court impose a concurrent sentence of 33 months. The State explained:

> The defendant does have extensive criminal history. His score is a little odd the way it comes out. His offender score on Count I is a 19 because there's a multiplier effect for his prior stolen car cases. So his range on that is 22 to 29 months. But, despite that fact, the operative range is Count II, hit and run injury. His offender score on that is a 6 because it doesn't have those multipliers, but his range is 33 to 43 months on that count.
> And, pursuant to plea negotiations with defense, I'm recommending the Court impose the low end of the range, 33 months.

Phelps agreed with the sentencing recommendation. Defense counsel stated that Phelps had "taken responsibility for his actions." Counsel attributed Phelps' offenses to "addiction issues." Phelps addressed the court, stating:

> I'm doing everything in my power to rehabilitate myself while I'm in prison. Being in this accident and accidentally hurting these people has been a big turning point in my life. I've had a lot of time to think and evaluate my decisions in the past that I've had. I — I'm going to do everything in my power to rehabilitate myself so I can do better so I don't hurt nobody else, including myself.

2

The court disagreed with the plea agreement and the sentencing recommendation.

> I'm not happy about this case. I'm not happy about this plea. I'm not happy about the offer at all. And I'm not happy with Mr. Phelps.
>
> You, sir, are a danger to society. You need to be locked away for as long as possible. That's made clear from your criminal history. From the age of 16, you have decided that you have the right to steal people's stuff at your whim, whenever you want. You didn't accidentally hurt these victims, you intentionally did it. That's your actions. You intentionally stole a vehicle and intentionally operated in a reckless manner that put people's lives in danger, and you continue to do this.

The court reviewed Phelps' criminal history, pointing out that Phelps has five previous felonies and multiple adult misdemeanors. The court told Phelps:

> You're not an addict, you're just a criminal. And you're a criminal because you think that you have the right to take people's stuff. You have a malfunction, but it certainly isn't addiction, and I don't see anything changing no matter what you say. Somebody with a criminal history like this, in and out, in and out, there's — there's nothing going to change here.

The court decided to impose an exceptional sentence because the TMVWOP conviction was a "free crime." The court expressed its reasoning for why an exceptional sentence was warranted:

> I'm going to do that based on his criminal history. I'm going to do it based on the theft of a motor vehicle points out at 19 points. He's getting a free ride on that charge if I give him the low end of hit and run injury accident.

The State disagreed with the finding that the TMVWOP in the second degree conviction would go unpunished. The State explained that count 1 is not a free crime because the TMVWOP conviction increased the standard sentence range for the hit and run injury accident conviction. The prosecutor stated, "I don't think it's a free crime because it scores on the hit and run and ups his range on that."

The court rejected this reasoning and imposed an exceptional consecutive sentence of 29 months on count 1 and 33 months on count 2. The court ruled, "Criminal history, multiple victims, free crime, [and] offender score" are "[a]ll good bases to go above and beyond" the State's recommendation.

The judgment and sentence states the grounds for the imposition of an exceptional sentence as follows:

> The Court finds that concurrent sentences would result in the defendant being unpunished for Count I, pursuant to RCW 9.94A.535(2)(c). The Court also finds that the multiple victims listed in Count II are an aggravating factor. The Court also finds the defendant's criminal history to be an aggravating factor.

Phelps contends the court erred by imposing an exceptional sentence. Phelps asserts none of the court's reasons justify the imposition of an exceptional sentence.

RCW 9.94A.585 governs our review of an exceptional sentence. RCW 9.94A.585(4) states:

> To reverse a sentence which is outside the standard sentence range, the reviewing court must find: (a) Either that the reasons supplied by the sentencing court are not supported by the record which was before the judge or that those reasons do not justify a sentence outside the standard sentence range for that offense; or (b) that the sentence imposed was clearly excessive or clearly too lenient.

We review under a clearly erroneous standard whether evidence supports the reasons given by the sentencing judge to impose an exceptional sentence. State v. Law, 154 Wn.2d 85, 93, 110 P.3d 717 (2005). We review de novo whether those reasons justify a departure from the standard sentence range. Law, 154 Wn.2d at 93. And we review whether the sentence is clearly too excessive or too lenient for an abuse of discretion. Law, 154 Wn.2d at 93.

4

As a general rule, the court must impose a sentence within the standard sentence range, and a sentence for multiple current convictions is concurrent. RCW 9.94A.505(2)(a)(i), .589(1)(a); see also Law, 154 Wn.2d at 94. A court may impose consecutive sentences only under the exceptional sentence provisions of RCW 9.94A.535. RCW 9.94A.589(1)(a).

RCW 9.94A.535 allows the court to impose a sentence outside the standard sentence range if it finds "substantial and compelling reasons justifying an exceptional sentence." Other than the fact of a prior conviction, facts supporting aggravated sentences must be determined in accordance with RCW 9.94A.537. RCW 9.94A.535. Under RCW 9.94A.537(3), the facts supporting aggravating circumstances must be proved to a jury beyond a reasonable doubt.

RCW 9.94A.535(2)(c) states a court may impose an exceptional sentence without findings by a jury where "[t]he defendant has committed multiple current offenses and the defendant's high offender score results in some of the current offenses going unpunished." This provision is referred to as the "free crimes" aggravator. See State v. France, 176 Wn. App. 463, 469, 308 P.3d 812 (2013). The court may impose an exceptional sentence "if the number of current offenses results in the legal conclusion that the defendant's presumptive sentence is identical to that which would be imposed if the defendant had committed fewer current offenses." France, 176 Wn. App. at 469.

The offender score is calculated with prior and current convictions. RCW 9.94A.525(1), .589(1)(a). The maximum offender score is 9. RCW 9.94A.510; State v. Alvarado, 164 Wn.2d 556, 561, 192 P.3d 345 (2008). Here, Phelps had two current

5

convictions—TMVWOP in the second degree, count 1, and a hit and run injury accident, count 2. Phelps had six prior adult and juvenile convictions for TMVWOP and theft of a motor vehicle. In calculating the offender score for the current conviction of TMVWOP in the second degree, each of these prior convictions counted as 3 points, resulting in an offender score of 18. RCW 9.94A.525(20). The current hit and run injury accident conviction added another point to the offender score, for a total of 19. RCW 9.94A.525(1), (19).

In calculating the offender score for the current conviction of hit and run injury accident, Phelps' three prior adult felony convictions each counted for 1 point and his four juvenile convictions each counted for .5 points, resulting in an offender score of 5. RCW 9.94A.525(11). The current conviction of TMVWOP in the second degree added 1 point to the offender score for a total of 6. RCW 9.94A.525(1), (19). With an offender score of 6, Phelps' standard sentence range for hit and run injury accident was 33 to 43 months. RCW 9.94A.515, .510. Contrary to the conclusion of the sentencing court, the standard sentence range of 33 to 43 months is not identical to what would have been imposed if Phelps had committed fewer crimes. As the State pointed out at sentencing, the TMVWOP in the second degree conviction increased Phelps' offender score and the standard sentence range for the hit and run injury accident conviction.

The State argues France compels a different result. We disagree. France pleaded guilty to nine counts of felony harassment. France, 176 Wn. App. at 466. France's prior felony convictions counted as 6 points toward his offender score. France, 176 Wn. App. at 466. France's current offenses counted as 8 points, resulting in an offender score of 14. France, 176 Wn. App. at 466. Relying on the free crimes and the

"officer of the court" aggravators, the trial court imposed an exceptional sentence. France, 176 Wn. App. at 467-68. We upheld the exceptional sentence in France because a standard sentence range would result in some of the current offenses going unpunished. France, 176 Wn. App. at 472-73.

This case is distinguishable. Phelps was convicted of two different offenses with different offender scores. The current conviction of TMVWOP in the second degree increased the offender score and standard sentence range for the conviction of hit and run injury accident. Therefore, Phelps' presumptive sentence was greater than it would have been if he had committed fewer current offenses. We conclude count 1 was not a free crime and the trial court erred by imposing an exceptional sentence on this basis.

The sentencing court also found two aggravating factors—Phelps' criminal history and the multiple victims of the hit and run—justified the imposition of the exceptional sentence. But as previously noted, the court can impose an exceptional sentence without a finding of fact by a jury only in the limited circumstances listed in RCW 9.94A.535(2). The State concedes, as it must, that RCW 9.94A.535(2) does not list multiple victims as a basis upon which the court may impose an exceptional sentence without a finding of fact by a jury. Likewise, RCW 9.94A.535(2) does not list the fact of criminal history as a basis upon which the court can impose an exceptional sentence.

The State argues that even if the court relied on "improper factors," we should affirm because there is no reason to believe the court would impose a different sentence. Nothing in the record justifies the State's argument.

We conclude the stated reasons do not justify the imposition of an exceptional sentence.  We reverse and remand for resentencing.

WE CONCUR: