IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

STATE OF WASHINGTON,

Respondent,

v.

EDWARD JAMES STEINER,

Appellant.

No. 56603-6-II

UNPUBLISHED OPINION

MAXA, J. – Edward Steiner appeals his convictions of third degree assault – law
enforcement officer and felony harassment. The convictions arose out of an incident in which
Steiner threatened and spit on a police officer. Steiner argues that the prosecutor engaged in
misconduct during opening statement and closing argument and challenges the trial court's
imposition of community custody supervision fees as a legal financial obligation (LFO). He also
asserts 37 grounds for relief in a statement of additional grounds (SAG).

We hold that (1) the prosecutor's statements during opening statement and closing
argument were not improper; (2) as the State concedes, the community custody supervision fees
should be stricken from the judgment and sentence; and (3) we reject or decline to consider
Steiner's SAG claims. Accordingly, we affirm Steiner's convictions, but we remand for the trial
court to strike the community custody supervision fees from the judgment and sentence.

FACTS

On August 22, 2021, La Push police officer Brent Kempster arrived at the Lonesome Creek Store on the Quileute reservation in Clallam County as part of his normal patrol. An intoxicated person with alcohol by his side was at the store, and a store employee informed Kempster that the person had been intoxicated and at the store over the past two days. The intoxicated person later was identified as Steiner.

Kempster approached Steiner and informed him that it was illegal to be intoxicated in public. Steiner responded aggressively, calling Kempster a derogatory term and threatening to assault and kill him. Once it became apparent that Steiner would not cooperate, Kempster told Steiner that he was permanently trespassed from the reservation. Eventually Steiner and Kempster left the store. Steiner then spit on Kemptster's face. Kempster informed Steiner that he was being detained, but Steiner fought against being handcuffed and tried to spit on Kempster again.

Steiner was charged with third degree assault of a law enforcement officer and felony harassment against a criminal justice participant.

The trial took place in November 2021. The trial court scheduled a CrR 3.5 hearing for the first day of trial to address the admissibility of Steiner's statements. Kempster testified at the hearing.

At trial, the prosecutor stated during opening statement that "[t]his case really comes down to one person's decision to show contempt, to show his frustration, to show his annoyance, his anger, what have you, at being contacted by a law enforcement officer." Report of

Proceedings (RP) at 191. The prosecutor also stated that Steiner used derogatory slurs and threatened Kempster because he was an officer. Steiner did not object to these comments.

The prosecutor repeated this theme during closing argument, stating that the case "boils down to the contempt of [sic] disrespect, disregard, for the rule of law, a disregard for an officer just out doing his job." RP at 298. Steiner did not object to this statement.

The jury found Steiner guilty of third degree assault – law enforcement officer and felony harassment. At sentencing, the trial court found Steiner to be indigent and stated that only mandatory LFOs would be imposed. However, the community custody section of the judgment and sentence required Steiner to pay supervision fees as determined by the Department of Corrections.

Steiner appeals his convictions and challenges the imposition of community custody supervision fees.

## ANALYSIS

### A. PROSECUTORIAL MISCONDUCT

Steiner argues that the prosecutor committed misconduct in his opening statement and closing argument by attempting to inflame and to evoke an emotional response from the jury. We disagree.

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial in the context of all the circumstances of the trial. *State v. Zamora*, 199 Wn.2d 698, 708, 512 P.3d 512 (2022). A prosecutor cannot use arguments to inflame the jury's passions or prejudices. *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 704, 286 P.3d 673 (2012). However, the prosecutor is given wide latitude to assert

reasonable inferences from the evidence. *State v. Slater*, 197 Wn.2d 660, 680, 486 P.3d 873 (2021).

When the defendant fails to object at trial, a heightened standard of review requires the defendant to show that the conduct was " 'so flagrant and ill intentioned that [a jury] instruction would not have cured the [resulting] prejudice.' " *Zamora*, 199 Wn.2d at 709 (quoting *State v. Loughbom*, 196 Wn.2d 64, 70, 470 P.3d 499 (2020)).

Here, Steiner contends that the prosecutor's statements encouraged the jury to focus on the broader social idea that police officers face aggression, disrespect, and contempt rather than focusing on the evidence presented. He claims that the statements were improper and constituted an inflammatory theme.

However, the prosecutor's opening statement referenced only *Steiner's* contempt for law enforcement, not the general public's contempt. The prosecutor emphasized "one person's" – Steiner's – "decision to show contempt." RP at 191. And the prosecutor's statement in closing argument that the case "boils down to the contempt of [sic] disrespect, disregard, for the rule of law, a disregard for an officer just out doing his job," RP at 298, clearly referred specifically to Steiner.

Further, the State's theory was that Steiner's contempt for law enforcement provided the motive behind the conduct that led to his assault and harassment charges. And the prosecutor could infer from the evidence that Steiner showed contempt for Kempster because he was a police officer.

The prosecutor's statements regarding Steiner's contempt were not inflammatory and were based on reasonable inferences from the evidence. Accordingly, we hold that the prosecutor's statements did not constitute misconduct.[1]

B.      COMMUNITY CUSTODY SUPERVISION FEES

Steiner argues, and the State concedes, that the community custody supervision fees should be stricken from the judgment and sentence. We agree.

When the trial court intends to impose only mandatory LFOs, discretionary community custody supervision fees should not be imposed. *State v. Bowman*, 198 Wn.2d 609, 629, 498 P.3d 478 (2021). Here, the trial court stated that it would impose only mandatory LFOs. This statement is inconsistent with the imposition of discretionary community custody supervision fees. Accordingly, we remand for the trial court to strike the community custody supervision fees from the judgment and sentence.

C.      SAG CLAIMS

1.      Challenge to Verbatim Report of Proceedings

Steiner asserts in multiple requests for relief that the verbatim report of proceedings submitted to this court in fact were not verbatim: 6, 7, 8, 9, 10, 11, 12, 13, 14, 16, 20, 21, 22, 23, 24, 29, 32, and 34. However, he does not explain how the alleged errors in transcribing the trial proceedings prejudice him on appeal. Therefore, we cannot consider these claims. RAP 10.10(c).

---

[1] Even if the prosecutor's statements were improper, Steiner waived his challenge by failing to object. He cannot show that the alleged misconduct was so flagrant and ill-intentioned that a jury instruction could not have cured any prejudice.

### 2.    CrR 3.5 Hearing Claims

In requests for relief 1, 2 and 32, Steiner argues that the CrR 3.5 hearing was heard on the same day as trial and therefore did not give him a chance to prepare or testify. We disagree.

CrR 3.5(a) and (b) require the trial court to hold or set the time for the hearing at the time of the pretrial hearing and to inform the defendant that he may testify at the hearing. The trial court scheduled the CrR 3.5 hearing for the first day of trial at the pretrial hearing, four days before the trial date. During the CrR 3.5 hearing, the trial court informed Steiner of his right to testify at the hearing. We conclude that the procedure for a CrR 3.5 hearing was properly followed.

### 3.    Claims Outside the Record

Steiner asserts throughout his SAG that the verbatim reports of the CrR 3.5 hearing and the trial were falsified, video evidence from the store was fabricated, tampered with, and/or destroyed, the jury and witnesses were tampered with, the witnesses committed perjury during their testimonies, and that three to four jurors had been used in some of his previous trials. He also claims that he received ineffective assistance of counsel because defense counsel did not address these concerns and that there was prosecutorial misconduct because the State was involved with these concerns. These claims were asserted in the following requests for relief: 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, and 37.

But these assertions rely entirely on matters outside the record. As a result, we cannot consider them on direct appeal. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008).

These assertions are more properly raised in a personal restraint petition. *Id.* Therefore, we decline to consider these claims.

4.    Ineffective Assistance of Counsel

Steiner makes several additional ineffective assistance of counsel claims. In request for relief 8, Steiner claims that defense counsel was ineffective for failing to include him in the jury selection. In requests for relief 17, 35, and 36, Steiner claims that defense counsel ignored a note he wrote during closing argument. In request for relief 35, Steiner claims that defense counsel was ineffective for failing to ask the witnesses specific questions regarding the security cameras and for not performing background checks on the witnesses. And in request for relief 36, Steiner claims that defense counsel was ineffective for failing to hire an investigator, for not interviewing all of the witnesses, and for not attempting to receive certain video footage.

In requests for relief 30 and 34, Steiner claims ineffective assistance of appellate counsel. He requests new appellate counsel because he alleges that they did not properly prepare for his appeal.

All these ineffective assistance of counsel claims rely on matters outside of the record. Therefore, we decline to consider them. *Alvarado*, 164 Wn.2d at 569.

5.    Vague Claims

In request for relief 14, Steiner questions how Kempster could be recalled to testify after he had been excused from his subpoena. But he does not explain why this was improper. In request for relief 19, Steiner asserts that there is no jury instruction 5 in the record. But he does not explain how this affected his trial or his appeal. In request for relief 26, Steiner asserts that a

defendant is denied due process when the trial court record is insufficient for appellate review. But he does not explain how the trial court record was insufficient here.

Under RAP 10.10(c), we will not consider a SAG "if it does not inform the court of the nature and occurrence of alleged errors." Accordingly, we decline to address these claims.

6. ER 612 Claim

In request for relief 5, Steiner claims that he should receive a new trial or dismissal because Kempster was allowed to refer to his notes during his testimony at the CrR 3.5 hearing and Steiner was denied the use of his notes during trial. We disagree.

ER 612 allows a witness to use a writing to refresh their memory for the purpose of testifying. But first, the trial court must ensure that the witness needs to refresh their memory, that opposing counsel has the right to examine the writing, and that the witness is not being coached. *State v. McCreven*, 170 Wn. App. 444, 475, 284 P.3d 793 (2012). A witness is not coached if they use the writing to aid their own memory, and not to supplant it. *Id.*

At the CrR 3.5 hearing, Kempster was providing testimony about Steiner being verbally assaultive and he needed to refer to his report in order to refresh his memory. When Steiner was denied the use of his notes, he had asked to bring them up with him to the stand generally. Steiner did not want to use the notes to refresh his memory in response to a specific question. We conclude that there was no error.

CONCLUSION

We affirm Steiner's convictions, but we remand for the trial court to strike the imposition of community custody supervision fees from the judgment and sentence.

No. 56603-6-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

VELJACIC, J.

PRICE, J.