# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  57727-5-II |
| Respondent, | |
| v. | |
| EZEKIEL TRAIVON BONDS, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Ezekiel T. Bonds pleaded guilty to one count of second degree assault with a firearm sentencing enhancement.  As part of his judgment and sentence, the superior court imposed a $500 victim penalty assessment (VPA).

Bonds appeals, arguing that the superior court erred by imposing the VPA.  Bonds also raises a number of unrelated claims in a statement of additional grounds (SAG).  We remand to the superior court to strike the VPA.  Otherwise, we affirm.

## FACTS

In May 2022, after allegedly shooting at a person in a vehicle, Bonds was charged with one count of first degree assault with a firearm enhancement and one count of first degree unlawful possession of a firearm.  Several months later, the State filed an amended information that charged Bonds with second degree assault with a firearm sentencing enhancement.  The amended information alleged that Bonds committed second degree assault by, among other things,

"assault[ing] another with a deadly weapon." Clerk's Papers (CP) at 147. The amended information also alleged that during the commission of the crime, Bonds was armed with a firearm.

Bonds pleaded guilty to the second degree assault with a firearm sentencing enhancement. His statement for the guilty plea stated, "On 5/22/22, in Pierce County, WA, I assaulted another person with a deadly weapon while armed with a firearm." CP at 161. As part of the plea agreement, the State agreed to dismiss an unrelated domestic violence case.

At the guilty plea hearing, Bonds confirmed that he had reviewed the guilty plea statement with his attorney and understood it. He also admitted that the factual statement contained in his guilty plea was true. Following its colloquy with Bonds, the superior court accepted his guilty plea to the amended information, finding that it was knowingly, intelligently, and voluntarily made.

The superior court imposed a 22-month sentence with an additional 36 months for the firearm sentencing enhancement. The superior court found that Bonds was indigent but imposed the $500 VPA.

Bonds appeals.

## ANALYSIS

### I. VPA

Bonds argues that the VPA should be stricken because the VPA is no longer authorized by statute. The State has no objection to remanding for the superior court to strike the VPA. We agree the VPA should be stricken.

Effective July 1, 2023, the VPA is no longer authorized for indigent defendants. LAWS OF 2023, ch. 449 § 1; RCW 7.68.035(4). And changes to the legislation governing legal financial

obligations apply to cases on direct appeal when the change was enacted. *State v. Matamua*, __ Wn. App. 2d __, 539 P.3d 28, 39 (2023).

Accordingly, we remand to the superior court to strike the VPA.

## II. SAG

Bonds next raises several claims in his SAG. He appears to claim that his plea was involuntary because he received misinformation, that he received ineffective assistance because of statements his counsel made that resulted in him being "bribed," and that his due process rights were violated. SAG at 1. We address each claim in turn.

### A. BONDS FAILS TO ESTABLISH THAT HIS GUILTY PLEA WAS NOT KNOWING, VOLUNTARY, AND INTELLIGENT

Bonds' first claim appears to allege that he received misinformation regarding his plea agreement. As a result, Bonds claims that his guilty plea was not voluntary. We disagree.

"Due process requires that a guilty plea may be accepted only upon a showing the accused understands the nature of the charge and enters the plea intelligently and voluntarily." *State v. A.N.J.*, 168 Wn.2d 91, 117, 225 P.3d 956 (2010). A defendant's guilty plea is presumed to be knowing, voluntary, and intelligent when the defendant pleads guilty after receiving a charging document that accurately describes the elements of the offense charged. *State v. Snider*, 199 Wn.2d 435, 445, 508 P.3d 1014 (2021). That presumption may be overcome by establishing that the plea was the result of misinformation, such as when the trial court misinforms the defendant about the elements of the charged crime. *See id*.

Bonds' SAG states in relevant part,

I . . . received misinformation on a plea agreement because I was initially charge[d] with assault with no victim and plead [sic] to assault with no victim[.] [A]lso a

3

firearm sentencing enhancement without the firearm charge . . . [defense counsel] failed to suppress all evidence. Plea agreement was not voluntary, knowingly and intelligently [made]."

SAG at 1.

Bonds' claim fails to rebut the presumption that his plea was knowing, voluntary, and intelligent. As for the portion of the claim that alleges that his counsel "failed to suppress all evidence," Bonds fails to apprise us of the nature and occurrence of this alleged failure. SAG at 1. Therefore, we cannot consider it. RAP 10.10(c); *State v. Bluehorse*, 159 Wn. App. 410, 436, 248 P.3d 537 (2011) (explaining we do not discuss SAG claims that fail to inform us of the nature and occurrence of the alleged error).

As for the remainder of this claim, Bonds fails to demonstrate how the fact that he pleaded guilty to a less severe crime than he was originally charged with amounted to "misinformation" and that his plea was involuntary as a result. SAG at 1. Indeed, the circumstances of the plea included in our record support the conclusion that it was voluntary. For example, at the guilty plea hearing, Bonds confirmed that he had reviewed the guilty plea statement with his attorney and understood it. He also stated that his factual statement in which he admitted he committed the crimes was true. Because Bonds fails to rebut the presumption that his guilty plea was knowing, voluntary, and intelligent, this claim fails.

B. BONDS' CLAIM OF INEFFECTIVE ASSISTANCE OF COUNSEL FAILS

Bonds next claims that he received ineffective assistance of counsel based on several statements that his trial attorney allegedly made to him. He claims that his trial attorney told him that charges he faced in another cause would be dismissed if he pleaded guilty to the charges in this case. He further claims that his attorney told him that he would lose at trial if he proceeded.

As a result, Bonds asserts that he felt "bribed" by his attorney to take the plea agreement offered to him by the State. SAG at 1.

Bonds' ineffective assistance of counsel claim relies on evidence outside of our record; namely statements that his attorney allegedly made to him. Because the record is insufficient to review this aspect of Bonds' claim, we cannot consider it. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008) (the court "cannot review" claims that rely on evidence outside the appellate record).[1] Thus, this claim fails.

## C.  BONDS FAILS TO ESTABLISH A DUE PROCESS VIOLATION

Bonds' last SAG claim appears to allege a due process violation related to his sentencing enhancement and because he asserts there was no victim.

Related to his sentencing enhancement, Bonds contends that he was charged with a *firearm* sentencing enhancement but his judgment and sentence states that he "assaulted a person with a *deadly weapon*." SAG at 2. Bonds appears to claim these differences violated his right to due process. The premise of Bonds' claim appears to be that he should have received a deadly weapon enhancement, not a firearm enhancement. But the deadly weapon involved in this case was clearly a firearm—Bonds' plea statement admitted as much. Based on these facts, Bonds appropriately received a firearm sentencing enhancement. Thus, Bonds fails to establish a due process violation related to his sentencing enhancement.

---

[1] In his SAG regarding ineffective assistance of counsel, Bonds also states that he "filed a motion to withdraw [his] appeal [and] to do a CrR 7.8." SAG at 1. It is unclear if this statement is intended for our consideration. But, if so, Bonds' statement does not sufficiently inform us of the nature and occurrence of the alleged error. Therefore, we cannot consider it. RAP 10.10(c); *Bluehorse*, 159 Wn. App. at 436 (explaining we do not discuss SAG claims that fail to inform us of the nature and occurrence of the alleged error).

No. 57727-5-II

In the second part of his due process claim, Bonds suggests that there was no victim. Bonds' SAG states in relevant part, "If there is no victim to charge me with a[n] assault then there should be no assault charge. Who is a person? Who is the victim?" SAG at 2 (emphasis omitted). But Bonds admitted in his plea statement that he assaulted "another person." CP at 161. Under these circumstances, Bonds does not inform us of the nature and occurrence of the alleged error, so we cannot consider it. RAP 10.10(c); *Bluehorse*, 159 Wn. App. at 436 (explaining we do not discuss SAG claims that fail to inform us of the nature and occurrence of the alleged error). Thus, Bonds' due process SAG claim fails.

## CONCLUSION

We remand to the superior court to strike the VPA. Otherwise, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.J.

VELJACIC, J.