# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SATNAM SINGH RANDHAWA, | No. 58112-4-II |
| Appellant, | |
| v. | |
| | UNPUBLISHED OPINION |
| OLGA V. SHKARINA, | |
| Respondent. | |

MAXA, J. – Satnam Singh Randhawa and Olga Shkarina are the parents of AR. The trial court entered a final parenting plan, to which Randhawa agreed on the record, that designated Shkarina as AR's sole custodian and provided that Randhawa have no contact with AR based on Randhawa's assault of Shkarina, his incarceration, and his lack of relationship with AR. Randhawa appeals the agreed-to parenting plan.

Randhawa argues that (1) the trial court abused its discretion when it determined that no contact between him and AR was in AR's best interest without first considering the factors and requirements regarding incarcerated parents set out in RCW 13.34.180(1)(f), (2) the trial court erred when it concluded that no contact between AR and Randhawa was in AR's best interest, (3) he received ineffective assistance of counsel on multiple grounds, and (4) the trial court erred when it denied his motion to continue the trial date.

We hold that (1) RCW 13.34.180(1)(f) does not apply because this is not a dependency action, (2) the invited error doctrine precludes Randhawa's challenge to the trial court's conclusion that no contact with him was in AR's best interest, (3) Randhawa cannot claim

ineffective assistance of counsel because he has no constitutional right to counsel in this context, and (4) Randhawa waived any challenge to the trial court's denial of his motion to continue the trial date when the agreed-to parenting plan was entered. Accordingly, we affirm the parenting plan and award reasonable attorney fees to Shkarina.

FACTS

While in prison for the second degree assault of Shkarina, Randhawa filed a petition for a child parenting plan. The trial date was set for March 2, 2023.

On February 21, Randhawa moved to continue the trial date to June. Although the record on appeal does not contain any transcript related to this motion or any order on the motion, it appears that the trial court denied Randhawa's motion to continue the trial date on February 28.

When the parties appeared before the trial court on March 2, they presented a proposed agreed-to parenting plan rather than proceeding to trial. The proposed agreed-to parenting plan stated that Randhawa was to have no contact with AR. It further stated that the limitations on Randhawa's contact with AR were appropriate because of a history of domestic abuse and assault and because Randhawa had "few or no emotional ties with [AR]." Clerk's Papers (CP) at 39-40.

The proposed agreed-to parenting plan also stated,

> No contact between father and child *is in the child's best interest* due to the following facts: (1) father is incarcerated in Walla Walla, WA; (2) the child does not have a relationship with the father; (3) the child had no relationship with the father before his incarceration; (4) father is incarcerated for felony domestic violence with the child's mother; (5) the child's current age; and (6) the length of father's remaining sentence.

CP at 44 (emphasis added).

The trial court read the proposed parenting plan to Randhawa.[1] After consultation with his counsel, Randhawa confirmed that he agreed to the proposed parenting plan as long as it was amended to state that he asserted that he had a relationship with AR prior to his incarceration. That amendment was made. But at no point did Randhawa assert that the proposed parenting plan or the limitation on his contact with AR was not in AR's best interest or that he currently had any relationship with the child.

The trial court did not hear any testimony related to the parenting plan. After determining that the proposed parenting plan was in AR's best interest, the trial court adopted the amended agreed-to parenting plan.

Randhawa appeals the parenting plan.

ANALYSIS

A.    APPLICATION OF RCW 13.34.180(1)(f)

Randhawa argues that the trial court abused its discretion when it determined that no contact between him and AR was in AR's best interest without first considering all of the factors and requirements regarding incarcerated parents set out in RCW13.34.180(1)(f). But chapter 13.34 RCW applies to dependencies, which are actions in which the State is taking away parental rights. That chapter does not apply to parenting plans under chapter 26.09 RCW, which are private actions between parties that allocate rather than eliminate the parties' parental rights. Accordingly, this argument fails.

B.    BEST INTEREST FINDING

Randhawa argues that the trial court erred when it found that no contact between AR and Randhawa was in AR's best interest. We decline to address this argument based on invited error.

---

[1] Randhawa appeared at this hearing by telephone.

"The invited error doctrine prohibits a party from setting up an error at trial and then challenging that error on appeal." *State v. Kelly*, 25 Wn. App. 2d 879, 885, 526 P.3d 39 (2023). Invited error applies when a party affirmatively assents to alleged error. *Id.*

Here, Randhawa agreed on the record to the parenting plan. This means that he agreed to the limiting factors in the parenting plan and agreed that those factors and others supported the conclusion that no contact with AR was in AR's best interest. Because Randhawa invited the trial court to find that no contact was in AR's best interest, we decline to address this argument.

C.      INEFFECTIVE ASSISTANCE OF COUNSEL

Randhawa argues that he received ineffective assistance of counsel on several grounds. However, because this is a civil matter, Randhawa does not have a constitutional right to counsel and ineffective assistance of counsel is not grounds for relief. *See* K*ing v. King*, 162 Wn.2d 378, 394-95, 174 P.3d 659 (2007).

Further, even if an ineffective assistance of counsel claim was available to Randhawa, his allegations of deficient performance relate to matters outside the record on appeal, so we could not review this claim.[2] *See State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008) (this court will not address claims that rely on matters outside of the appellate record).

D.      MOTION TO CONTINUE

Randhawa argues that the trial court erred by denying his motion to continue the trial date. But by entering the agreed-to parenting plan, Randhawa waived any challenges to all prior

---

[2] To the extent Randhawa also may be arguing that he was denied his right to an interpreter or that the agree-to parenting plan is invalid because it was not knowing, intelligent, and voluntary, we cannot address these claims because the facts related to the claims are outside of the record on appeal. We note that any attachments to Randhawa's briefing that are not part of the appellate record cannot be considered. *Bartz v. State Dep't of Corr. Pub. Disclosure Unit*, 173 Wn. App. 522, 528 n.7, 297 P.3d 737 (2013).

orders. *See Dep't of Ecology v. Tiger Oil Corp.*, 166 Wn. App. 720, 750, 271 P.3d 331 (2012) (a judgment by stipulation of the parties excuses all prior errors). Accordingly, Randhawa does not show that he is entitled to relief on this ground.

E.     ATTORNEY FEES FOR FRIVOLOUS APPEAL

Shkarina requests attorney fees because this appeal is frivolous. Under RAP 18.9, we may award attorney fees if a party files a frivolous appeal.

An appeal is frivolous if, considering the entire record, we determine that the appeal presents no debatable issues and is completely without merit. *Wash. Election Integrity Coal. United v. Schumacher*, 28 Wn. App. 2d 176, 206, 537 P.3d 1058 (2023), *review denied*, 2 Wn.3d 1025 (2024). Simply because an appeal lacks merit does not mean that sanctions are appropriate. *Id.* "Any doubts as to whether an appeal is frivolous should be resolved in favor of the appellant." *Id.*

Each of Randhawa's arguments is frivolous. He challenged a parenting plan to which he agreed on the record. His RCW13.34.180(1)(f) and ineffective assistance of counsel claims have no applicability in a parenting plan action. And his claim regarding the motion to continue was subsumed in the agreed-to parenting plan. Accordingly, we grant Shkarina's request for reasonable attorney fees as a sanction for this frivolous appeal.

CONCLUSION

We affirm the parenting plan and award reasonable attorney fees to Shkarina.

5

No. 58112-4-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
VELJACIC, A.C.J.

_____
CHE, J.

6