# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59696-2-II |
| Respondent, | |
| v. | |
| JEFFREY SCOTT NELSON, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Jeffrey S. Nelson appeals the sentence imposed following his guilty pleas to several felonies filed under four separate Pierce County Superior Court cause numbers.[1] The trial court imposed an exceptional sentence by ordering two of the sentences to be served consecutively. This resulted in a sentence that exceeded the statutory maximum for any single offense. Nelson contends the court erred by imposing an exceptional sentence, leading to a total sentence longer than the maximum allowed for his individual crime. Because each crime has its own statutory maximum and each sentence for each crime did not exceed that maximum, we hold that the court did not err in imposing Nelson's exceptional sentence and affirm Nelson's sentence.

---

[1] This appeal (*Nelson* I) is linked with *State v. Nelson*, No. 59706-3-II (*Nelson* II). These matters were considered by a panel of the court on the same day. *Nelson* I and *Nelson* II are linked with *State v. Nelson*, No. 59676-8-II (*Nelson* III) and *State v. Nelson*, No. 59686-5-II (*Nelson* IV), which were considered on a different day by a different panel.

FACTS

Nelson pleaded guilty to identity theft in the first degree (a class B felony), forgery (a class C felony), and attempted theft of a motor vehicle (a class C felony) under Pierce County Superior Court cause no. 23-1-02428-3. Nelson also pleaded guilty to unlawful possession of a firearm in the first degree (a class B felony) under Pierce County Superior Court cause no. 23-1-03307-0; unlawful possession of a firearm in the first degree (a class B felony) under Pierce County Superior Court cause no. 23-1-00201-8; and identity theft in the second degree (a class C felony), theft in the second degree (a class C felony), and trafficking in stolen property in the first degree (a class B felony) in Pierce County Superior Court cause no. 23-1-02427-5. The statutory maximum for a class B felony is 120 months. RCW 9A.20.021(1)(b). And the statutory maximum for a class C felony is 60 months. RCW 9A.20.021(1)(c).

Nelson had at least 19 prior convictions resulting in an offender score of 9+.

The trial court sentenced Nelson in a single proceeding on all four cause numbers. The court imposed a 63-month sentence on the identity theft in the first degree conviction, to be served concurrently with the forgery and attempted theft of a motor vehicle sentences. However, the court ordered that the identity theft in the first degree sentence be served consecutively to the 87-month sentence imposed on the unlawful possession of a firearm conviction in cause number 23-1-00201-8. This resulted in a total sentence of 150 months.

The trial court entered findings of fact and conclusions of law to support its exceptional sentence above the standard range. The court concluded that, based on Nelson's high offender score, some of his crimes would go unpunished if the court were to sentence each offense to be served concurrently.

Nelson appeals his sentence.

2

ANALYSIS

Nelson contends that the trial court erred in imposing an exceptional sentence by running two sentences consecutively that resulted in a sentence longer than the maximum sentence allowed on one of his individual offenses. He argues that because the statutory maximum for his individual offenses was either 120 months for a class B felony or 60 months for a class C felony, 150 months of total confinement exceeds either of those individual statutory maxima. We disagree.

"A trial court may only impose a statutorily authorized sentence." *State v. Paulson*, 131 Wn. App. 579, 588, 128 P.3d 133 (2006). If a trial court "exceeds its sentencing authority" under the statute, "its actions are void." *Id*. We review de novo whether an individual's sentence exceeds statutory authority. *State v. Church*, 5 Wn. App. 2d 577, 580, 428 P.3d 150 (2018).

The general rule is that a court may impose a sentence above the standard sentencing range only if aggravating facts have been proved to a jury beyond a reasonable doubt. RCW 9.94A.535, .537. A permissible exception to the requirement of jury findings is the "free-crimes" aggravator. RCW 9.94A.535(2)(c); *State v. Alvarado*, 164 Wn.2d 556, 567-68, 192 P.3d 345 (2008). The free-crimes aggravator can be effectuated by ordering multiple offenses to run consecutively. *See* RCW 9.94A.589(1).

In *State v. Weller*, 197 Wn. App. 731, 735, 391 P.3d 527 (2017), we held that "when imposing an exceptional sentence, the court has discretion to sentence defendants to the statutory maximum of each individual crime and run multiple convictions consecutively." We noted that such sentences may be challenged as clearly excessive. *Id.* at 735 n.2. However, sentencing within the statutory maximum and running those sentences consecutively is lawful. *Id.* at 735.

Nelson was convicted of identity theft in the first degree, a class B felony. The trial court ordered the sentence for this offense to be served consecutively to his 87-month sentence on

another class B felony under cause number 23-1-00201-8. The statutory maximum for a class B felony is 120 months. RCW 9A.20.021(1)(b). This means Nelson's statutory maximum would be 120 months on each offense; the sentence of 63 months was well within 120 months and the sentence of 87 months was within 120 months. This is permissible. *Weller*, 197 Wn. App. at 735. Accordingly, the court's sentence was well within its authority and below the maximum it was permitted to impose for each crime sentenced.

CONCLUSION

Because each crime has its own statutory maximum and each sentence for each crime did not exceed that maximum, we hold that the court did not err in imposing Nelson's exceptional sentence and affirm Nelson's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

We concur:

_____
Maxa J.

_____
Che, J.