**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59676-8-II |
| Respondent, | |
| v. | |
| JEFFREY SCOTT NELSON, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Jeffrey S. Nelson appeals the sentence imposed following his guilty pleas to several felonies filed under four separate Pierce County Superior Court cause numbers.[1] The trial court imposed an exceptional sentence by ordering two of the sentences to run consecutively, resulting in a total term exceeding the statutory maximum for any single offense. Nelson argues this was error, contending that the exceptional sentence unlawfully produced a term longer than the maximum permitted for his individual crimes. Because each crime has its own statutory maximum and each sentence for each crime did not exceed that maximum, we hold that the court did not err in imposing Nelson's exceptional sentence and affirm Nelson's sentence.

---

[1] This appeal (*Nelson* III) is linked with *State v. Nelson*, No. 59686-5-II (*Nelson* IV). These matters were considered by a panel of the court on the same day. *Nelson* III and *Nelson* IV are linked with *State v. Nelson*, No. 59696-2-II (*Nelson* I) and *State v. Nelson*, No. 59706-3-II (*Nelson* II), which were considered on a different day by a different panel.

FACTS

Nelson pleaded guilty to unlawful possession of a firearm in the first degree (a class B felony) under Pierce County Superior Court cause no. 23-1-00201-8. Nelson also pleaded guilty to identity theft in the first degree (a class B felony), forgery (a class C felony), and attempted theft of a motor vehicle (a class C felony) under Pierce County Superior Court cause no. 23-1-02428-3; unlawful possession of a firearm in the first degree (a class B felony) under Pierce County Superior Court cause no. 23-1-03307-0; and identity theft in the second degree (a class C felony), theft in the second degree (a class C felony), and trafficking in stolen property in the first degree (a class B felony) in Pierce County Superior Court cause no. 23-1-02427-5. The statutory maximum for a class B felony is 120 months. RCW 9A.20.021(1)(b). And the statutory maximum for a class C felony is 60 months. RCW 9A.20.021(1)(c).

Nelson had at least 19 prior convictions resulting in an offender score of 9+.

The trial court sentenced Nelson in a single proceeding on all four cause numbers. The court imposed 87 months on the unlawful possession of a firearm in the first degree conviction. The court imposed an exceptional sentence by ordering that the 87-month sentence be served consecutive to a 63-month sentence imposed in cause no. 23-1-02428-3. This resulted in a total sentence of 150 months in custody.

The trial court entered findings of fact and conclusions of law to support its exceptional sentence. The court concluded that, based on Nelson's high offender score, some of his crimes would go unpunished if the court were to sentence each offense to be served concurrently.

Nelson appeals his sentence.

ANALYSIS

Nelson contends that the trial court erred in imposing an exceptional sentence by running the 87 month sentence for the unlawful possession of a firearm conviction consecutive to the 63 month sentence imposed in cause no. 23-1-02428-3, which resulted in a sentence longer than the maximum sentence allowed on one of his individual offenses. He argues that because the statutory maximum for his individual offenses was either 120 months for a class B felony or 60 months for a class C felony, the 150 months of total confinement exceeds either of those individual statutory maxima. We disagree.

"A trial court may only impose a statutorily authorized sentence." *State v. Paulson*, 131 Wn. App. 579, 588, 128 P.3d 133 (2006). If a trial court "exceeds its sentencing authority" under the statute, "its actions are void." *Id*. We review de novo whether an individual's sentence exceeds statutory authority. *State v. Church*, 5 Wn. App. 2d 577, 580, 428 P.3d 150 (2018).

The general rule is that a court may impose a sentence above the standard sentencing range only if aggravating facts have been proved to a jury beyond a reasonable doubt. RCW 9.94A.535, .537. A permissible exception to the requirement of jury findings is the "free-crimes" aggravator. RCW 9.94A.535(2)(c); *State v. Alvarado*, 164 Wn.2d 556, 567-68, 192 P.3d 345 (2008). The free-crimes aggravator can be effectuated by ordering multiple offenses to run consecutively. *See* RCW 9.94A.589(1).

In *State v. Weller*, 197 Wn. App. 731, 735, 391 P.3d 527 (2017), we held that "when imposing an exceptional sentence, the court has discretion to sentence defendants to the statutory maximum of each individual crime and run multiple convictions consecutively." We noted that such sentences may be challenged as clearly excessive. *Id.* at 735 n.2. However, sentencing within the statutory maximum and running those sentences consecutively is lawful. *Id.* at 735.

Nelson was convicted of unlawful possession of a firearm in the first degree, a class B felony. The statutory maximum for a class B felony is 120 months. RCW 9A.20.021(1)(b). The trial court ordered Nelson's 87-month sentence be served consecutively to Nelson's 63-month sentence imposed in cause no. 23-1-02428-3, which also involved a class B felony. This is permissible. *Weller*, 197 Wn. App. at 735. Nelson's statutory maximum would be 120 months on each case; thus, the sentences of 87 months and 63 months were well within 120-month statutory maximums for each conviction. Accordingly, the court's sentence was well within its authority and below the statutory maximum for each crime sentenced.

## CONCLUSION

Because each crime has its own statutory maximum and the sentence for each crime did not exceed that maximum, we hold that the court did not err in imposing Nelson's exceptional sentence and affirm Nelson's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, A.C.J.

We concur:

Maxa, J.

Lee, J.